**in re FLATBUSH GUM CO., Inc.**
No. 25427.

District Court, E. D. New York.
March 29, 1934.

910

Harold H. Levin, of New York City, for trustee Louis W. Arnold, Jr.

John J. Bennett, Jr., Atty. Gen. (John Ludden, Asst. Atty. Gen., of counsel), opposed.

MOSCOWITZ, District Judge.

This is a motion made by the trustee in bankruptcy for an order barring the claim of the department of taxation and finance of the state of New York and its sales tax bureau for taxes claimed by the said department and bureau by virtue of the New York state sales tax law on the sums realized upon the receiver in bankruptcy's auction sale of the personal property and effects of the bankrupt herein.

The receiver in bankruptcy sold certain property consisting of machinery, equipment, furnishings, and other personal property belonging to the bankrupt at an auction sale conducted by an auctioneer designated in said order of sale. The receiver was not authorized to nor did he conduct the business of the bankrupt company, and the auction sale was a final liquidation of the assets of the bankrupt estate.

On or about December 14, 1933, the assistant tax supervisor for the Long Island tax district of the department of taxation and finance of the state of New York notified the said receiver and the said auctioneer that there was due to the state of New York sales taxes on the said sale by virtue of the provisions of the New York sales tax law and demanded that a return be made and the payment of tax be remitted. .

Upon receipt of such notice the receiver communicated with the department of taxation and finance of the state of New York, sales tax bureau, and was informed by the deputy commissioner in charge of that department that it had ruled that auction sales

such as the one conducted herein were subject to liability under the New York sales tax law.

This proceeding was instituted by the trustee to bar the imposition of the said tax and the collection thereof. On the argument of this motion no objection was made by the Attorney General of the state of New York with the manner in which this question was raised.

The pertinent part of section 391 of the Tax Law of the state of New York (Consol. Laws, c. 60), is as follows:

"§ 391. *Imposition of tax.* For the privilege of selling tangible personal property at retail in this state during the period commencing May first, nineteen hundred thirty-three, and ending June thirtieth, nineteen hundred thirty-four, every person shall pay a tax of one per centum upon the receipts therefrom. The burden of proving that a sale of tangible personal property was not a sale at retail shall be upon the person who made it, unless such person shall have taken from the purchaser a certificate signed by and bearing the name and address of the purchaser to the effect that the property was purchased for resale. For the purpose of the proper administration of this article and to prevent evasion of the tax hereby imposed it shall be presumed that all receipts are subject to the tax until the contrary is established. The tax shall be paid at the time and in the manner hereinafter provided and shall be in addition to any and all other taxes. In any case where tangible personal property is sold at retail under a contract made prior to May first, nineteen hundred thirty-three, which specifies and fixes the sale price and such sale is taxable under this article, the seller may add the tax imposed by this article to the sale price and collect it from the vendee. No person engaged in the business of selling tangible personal property at retail shall advertise or hold out to the public, in any manner directly or indirectly, that the tax imposed by this article is not considered as an element in the price to the consumer. * * * *"

Section 391 provides that "every person shall pay a tax of one per centum upon the receipts" of sales. The word "person" is defined in section 390, as follows:

"§ 390. * * * (a) The word 'person' includes an individual, copartnership, society, association, joint stock company, corporation and any combination of individuals."

By defining the word "person" as it did, the Legislature evidently intended to exclude receivers and trustees in bankruptcy. In re Mason Tire & Rubber Co. (D. C.) 39 F.(2d) 462, 465. The court in that case, in dealing with an Ohio statute (Gen. Code, § 5372-1), which provided that "personal property * * * in the possession or control of a person as parent, guardian, trustee, executor, administrator, assignee, receiver, official custodian, factor, agent, attorney, or otherwise," was required to pay the tax, decided: "If the trustee in bankruptcy is required to list for current taxation money in his hands for distribution under the express provisions of the Bankruptcy Act [11 USCA], I see no reason why the clerks of the United States courts and United States marshals and judges in whose name composition funds are deposited may not be required to list money held by them and not belonging to the United States. However, the question is not free from doubt, but it is thought that, since the Legislature of the state has seen fit to specifically name those required to list moneys, the trustee in bankruptcy, not being named, should not be included by implication."

A receiver in bankruptcy is the arm of the court. The sale conducted by the receiver was a necessary step in the proper administration of the bankrupt estate.

The tax in question is not a tax upon the property of the bankrupt estate, and will therefore be barred.

Motion granted. Settle order on notice.