[No. 26366. Department One. December 11, 1936.]

C. E. JENKS, *as State Supervisor of Banking, Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*[1]

[1]Reported in 63 P. (2d) 369.

Robertson & Smith, Dillard & Powell, and *Hart Snyder,* for appellant.

*The Attorney General* and *R. G. Sharpe, Assistant,* for respondent.

MAIN, J.—This case arises out of the exaction of certain conveyance taxes from the supervisor of banking in his official capacity liquidating the Spokane Savings Bank.

The facts are not in dispute. Prior to June 15, 1932, the Spokane Savings Bank was a Washington banking corporation. Since that time, the assets and property thereof have been in the possession of the supervisor of banking for the purpose of liquidation. Between May 1, 1935, and January 1, 1936, the supervisor of banking and his predecessor in office paid to the state, out of the assets of the bank, certain conveyance taxes in accordance with Title VIII, chapter 180, Laws of 1935, p. 738 (Rem. Rev. Stat. (Sup.), §§ 8370-53 to 8370-60). Taxes were so paid upon sheriff's deeds issued to and received by the supervisor and his predecessor following the foreclosure of mortgages in a considerable number of cases. In none of the foreclosures did the value of the property foreclosed upon exceed the amount or value of the mortgage at the time of the sheriff's sale or the amount bid at such sale and for which the conveyance was made. Other such taxes were paid upon deeds executed by the supervisor and his predecessor pursuant to court

order to the assignee of such supervisor's vendor's interest in certain contracts for the sale of real property.

The matter was first presented to the state tax commission for an abatement and refund of the taxes so paid. Relief being there denied, an appeal was taken to the superior court, with a like result. From the judgment of the superior court, the supervisor of banking appealed.

Upon the appeal, two questions are presented: First, whether the statute providing for tax on conveyances applies to the supervisor of banking in the performance of his duties as liquidator of an insolvent bank; and second, if applicable, whether the tax is imposed only on the interest or equity of the grantor, and no tax is payable when the mortgage lien equals or exceeds the value of the property. These questions will be considered in the order stated.

Rem. Rev. Stat. (Sup.), § 3269 [P. C. § 312], Laws 1933, p. 246, § 25, states the procedure which the supervisor of banking shall follow in the liquidation of an insolvent bank. When the supervisor takes over an insolvent bank for the purpose of liquidation, he becomes, in effect, a "statutory receiver." *Tharpe v. Gormley,* 48 Ga. App. 731, 173 S. E. 212; *McDavid v. Bank of Bay Minette,* 193 Ala. 341, 69 So. 452. When the assets of an insolvent bank are taken over by the supervisor, they are held by him in trust for the depositors and the stockholders. *Lafayette Trust Co. v. Beggs,* 213 N. Y. 280, 107 N. E. 644; *Mercantile Trust Co. v. Miller,* 166 Cal. 563, 137 Pac. 913. Even though, in the liquidation of a bank, the supervisor is the agent of the state and his possession is that of the state, such property is not exempt from taxation. *People ex rel. Olmsted v. University of Illinois,* 328

Ill. 377, 159 N. E. 811; *Comstock v. Boyle,* 144 Wis. 180, 128 N. W. 870; *Wenner v. Mothersead,* 129 Okla. 273, 264 Pac. 816.

It thus follows that the conveyances above mentioned were subject to the conveyance tax imposed by Title VIII, chapter 180, Laws of 1935. In so holding, it is not necessary to determine whether the supervisor, in liquidating a bank, acts in a governmental capacity, because the property, being held in trust, is subject to the tax, as has been already indicated.

It is said, however, that, since the statute is general in its provisions and does not specifically include the supervisor of banking, he is not subject thereto. In this connection, the general rule is invoked to the effect that the state is not bound by the provisions of the general statute where the effect of such statute would be to restrict the rights of the state, to affect its interests, or to impose liabilities upon it, unless it is named expressly or by necessary implication. *Morris v. State ex rel. Walcott,* 88 Okla. 189, 212 Pac. 588; *In re Miller's Estate,* 5 Cal. (2d) 588, 55 P. (2d) 491. The present case does not fall within that rule, because, here, the statute does not restrict the rights of the state, affect its interests, or impose liability upon it. The conveyance taxes upon the foreclosures above mentioned were properly exacted by the tax commission, unless the supervisor's second contention is well founded, and this depends upon the construction of the statute.

Rem. Rev. Stat. (Sup.), § 8370-53, Laws 1935, p. 738, § 53, provides that, from and after the first day of May, 1935, there shall be levied and collected a tax upon conveyances of any real property transferred to, or vested in,

". . . the purchaser or purchasers, or any other person or persons by his, her or its direction, when

the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale, exceeds one hundred ($100.00) dollars. . . .''

The position of the supervisor of banking is that, since the price bid at the foreclosure sales did not exceed the value or amount of the mortgage at the time, the conveyance tax was wrongfully exacted. The statute is plain in its terms and provides, in effect, that all conveyances shall pay the tax

". . . when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale,''

exceeds one hundred dollars. The mortgage lien or encumbrance remaining at the time of the sale refers to such lien or encumbrance as remains in existence after the sale and conveyance. When a mortgage upon property is foreclosed and the property sold for the amount of the mortgage, no lien or encumbrance remains thereon; and, this being true, the conveyance following the foreclosure is subject to the tax. The language of the statute is plain and unequivocal, and provides for no exception in favor of the supervisor of banking.

The judgment will be affirmed.

MILLARD, C. J., STEINERT, GERAGHTY, and BLAKE, JJ., concur.