BIRD & JEX CO. v. ANDERSON MOTOR CO. STATE TAX COMMISSION v. SHREEVE.

No. 5827.   Decided June 22, 1937.   (69 P. [2d] 510.)

*Ned Warnock* and *Alfred Klein,* both of Salt Lake City, for appellant.

*James L. Platt,* of Ogden, for respondent.

HANSON, Justice.

From the record before us it appears that Bird & Jex Company, corporation, brought an action in the district court of Weber County to recover a money judgment against the Anderson Motor Company, a corporation, and for the appointment of a receiver of the latter company. A money judgment in favor of plaintiff and against defendant was entered on September 27, 1935, and T. Leland Shreeve was appointed general receiver. The order appointing him contained the following commission and authority:

"It Is Further Ordered, that the said receiver be vested with all of the usual powers and rights of receivers appointed by this court with full power to take possession of all of the assets of said defendant wheresoever the same may be located or situated, and to demand from and proceed to recover by suit or otherwise such assets that have been conveyed by the above named defendant corporation to other creditors in preference to the general creditors of the corporation, to make an inventory and appraisement of such assets and report the same to this court and to conduct the business of said corporation as he may deem advisable to the best interest of the estate of said defendant corporation."

On November 5, 1935, on petition of plaintiff, the order appointing the receiver was modified. So far as material here, this modifying order reads as follows:

"It Is Hereby Ordered * * * That the said T. Leland Shreeve be and he is hereby authorized to wind up the business of the said An-

derson Motor Company, a corporation. That he be and he is hereby authorized to sell at public or private sale for cash or credit, any and all the assets of said corporation, subject to the confirmation of this court."

On March 20, 1936, the State Tax Commission appeared in said court and cause and filed its motion for a rule upon the receiver requiring him to make sales tax returns and to pay to the commission the amount due as sales tax on the sales of tangible personal property made by him as receiver since his appointment. In connection with the motion, it is alleged by the Tax Commission that the money judgment was entered and the receiver appointed as above set forth. Furthermore, it is alleged, upon information and belief, that the receiver had made and was continuing to make sales of tangible personal property at retail and had collected and received payment for said sales during each month of this period; that under the provisions of the Emergency Revenue Act of 1933 (chapter 63), as amended, the receiver was responsible for the collection of sales taxes of tangible personal property at retail made by him and was required to make monthly returns and payment of the sales tax to the commission as provided by the act; that the receiver had failed to make and file such tax returns and had failed to pay such sales taxes or any part thereof notwithstanding demand in writing had been made upon him so to do.

This motion was argued to the district court. No answer, however, was made by the receiver to such allegations. The lower court denied the motion and the commission has appealed, assigning as error the overruling of its motion to require the receiver to make current sales tax returns during the receivership.

There is no disputed fact question presented by the issues so made. The receiver emphasizes the fact that he was a liquidating receiver and that he did not operate the business of the motor company at any time, and that all sales made or to be made were and would be in the course of liquidation under orders of the court. The record does not disclose

whether any sales were made under the first order authorizing the receiver to conduct the business of the motor company. If the facts alleged by the commission are to be taken literally and to be deemed admitted, since no denial thereof was filed, then it would appear that the receiver has made sales of tangible personal property at retail and has received payment for said sales. The allegation that the receiver is responsible for the collection of sales taxes on these sales involves a conclusion and the very question here to be decided. On the face of the record it is impossible to say whether sales were made by the receiver in the ordinary process of conducting the motor company's business or whether all the sales were made in a process of liquidation. However, we shall assume, for the purposes of this opinion, as contended by the receiver, that the receiver has not made any sales under the order permitting him to conduct the business of the motor company and shall further assume that all sales made by him have been made in the course of liquidating the affairs of the company.

The question here before us involves the construction of the Emergency Revenue Act of 1933 (chapter 63), as amended by the Second Special Session of the Legislature in 1933, c. 20. No changes were made in the pertinent sections of the act in the 1935 Session. Section 4, chap. 20, Second Special Session Laws of 1933, reads:

"From and after the effective date of this act there is hereby levied and there shall be collected and paid:

"(a) A tax upon every retail sale of tangible personal property made within the state of Utah equivalent to two (2) per cent of the purchase price paid or charged."

Section 5 reads:

"Every person receiving any payment or consideration upon a sale of property or service subject to the tax under the provisions of this act, or to whom such payment or consideration is payable (hereinafter called the vendor) shall be responsible for the collection of the amount of the tax imposed on said sales and shall, on or before the fifteenth day of each month, make a return to the state tax commission for

the preceding month and shall remit the taxes so collected to the state tax commission,"

Section 2 defines the term "person" as used in the act as follows:

"The term 'person' includes any individual, firm, copartnership, joint adventure, corporation, estate or trust, or any group or combination acting as a unit and the plural as well as the singular number unless the intention to give a more limited meaning is disclosed by the context."

This same section defines "retail sale" as follows:

" 'Retail sale' includes all sales made within the state of tangible personal property except wholesale sales."

It defines the term "wholesale sale" as follows:

"The term 'wholesale sale' means a sale of tangible personal property by wholesalers to retail merchants, jobbers, dealers or other wholesalers for resale and does not include a sale by wholesalers to users or consumers, not for resale."

It is contended by the receiver that, since he was an officer appointed by the court to liquidate the business of the motor company and that the sales that he made or makes are subject to confirmation by the court, he was not such a person, within the meaning of the provisions of the sales tax act above quoted, as is required to collect and remit sales taxes on such sales. He contends that, since the Legislature in defining the term "person" did not include by express provision "receivers," the act was not intended to apply to sales made by receivers in the course of liquidation.

It appears to us that the language of section 4 of the act, above quoted, expresses a clear intention to impose a tax upon all sales of tangible personal property at retail. It is also clear that all sales not made for the purpose of resale are defined as "retail sales" or "sales at retail." The language of the act in this particular respect is all-inclusive, denoting an intention to avoid exceptions, classifications, or

suppositions as to whether some particular sale, because of the kind of property or the kind of sale involved, should avoid the tax. It is also important to note that the tax is imposed upon the sale, the transaction, the fact and significance of which was recognized by this court in the case of *W. F. Jensen Candy Co.* v. *State Tax Commission,* 90 Utah 359, 61 P. (2d) 629, 632, 107 A. L. R. 261. We there held that a "tax is levied upon every sale within the terms of the statute."

It is also clear, and we so held in the case above mentioned, that the vendor is responsible for the collection of this tax. It would appear, therefore, that the vendor's status, under the act, is that of a collector rather than that of a taxpayer, although he may absorb from his side of the deal the tax levied upon the sale made by him. *Standard Oil Co.* v. *Fitzgerald* (C. C. A.) 86 F. (2d) 799.

The receiver, in order to overcome the effect of the broad language of the act in imposing the tax, argues that a limitation is to be found in the use of the word "person" appearing in section 5 and defined in section 2 (a) ; that these sections limit responsibility for the collection and remittance of sales taxes to those specifically enumerated in the definition of "person," and, since specific mention is not made of receivers in such definition, sales by receivers, at least in the course of liquidation, are exempt from the tax. In support of this position, the receiver relies on the proposition that a tax cannot be imposed without clear and express words for that purpose; that a tax will not be extended by implication (*Reinecke* v. *Gardner,* 277 U. S. 239, 48 S. Ct. 472, 72 L. Ed. 866), and that tax laws should be strictly construed against the taxing power and in favor of the taxpayer; and relies, by way of analogy, upon cases involving the question as to whether under particular statutes a receiver is subject to franchise, license, and income taxes. These cases, so far as they concern franchise and license taxes, make a distinction between a receiver conducting the corporate business and a receiver who is merely liquidating. The Tax

Commission also cites cases, involving particular statutes, which hold that a receiver should be required to pay franchise taxes. We deem it unnecessary to enter into a discussion of these cases as the ultimate question before us is a construction of our own statute and it sufficiently appears from these cases that the Legislature has the power to and can impose taxes which a liquidating receiver is required to pay, it being a question as to whether that was its intention.

The following cases involved sales tax acts and show some confusion in their construction. In construing the New York Sales Tax Act (Consol. Laws, c. 60), the Circuit Court of Appeals, in the case of *In re Flatbush Gum Co., Inc. (People of State of New York* v. *Arnold)*, 73 F. (2d) 283, 284, decided that a receiver making an auction sale of all the tangible personal property of the bankrupt in liquidation was not included in the word "person" as used in that statute. The statute imposed the duty to make a return upon every person who should sell tangible personal property, and defined "person" as including a "copartnership, society, association, joint stock company, corporation, and any combination of individuals." Section 390 (as added by Laws 1933, c. 281, § 1). The failure of the Legislature to include a receiver, the court said, in this enumeration was highly significant and "indicates an intention to permit such sales to be made by a receiver tax free." The same court, in the case of *In re Browning King & Co. (People of State of New York* v. *Irving Trust Co.)*, 79 F. (2d) 983, affirmed the Flatbush Gum Company Case without opinion.

The Flatbush Gum Company Case is also referred to in the case of *In re Messenger's Merchants Lunch Rooms* (C. C. A.) 85 F. (2d) 1002, 1005, a case arising under the Illinois Sales Tax statute. The Illinois law (Smith-Hurd Ill. Stats. c. 120, § 441) imposed an occupation tax "upon persons engaged in the business of selling tangible personal property at retail" computed at the rate of 2 per cent upon the gross receipts from sales. The state of Illinois claimed

sales taxes on sales made by a trustee in bankruptcy after the filing of the petition in bankruptcy. The court says:

"The act of Illinois fails to show affirmatively that it was intended to assess an occupational tax against a liquidating receiver, temporarily conducting the business until liquidation could be completed."

In the case of *White* v. *Moore*, 46 Ariz. 48, 46 P. (2d) 1077, 1079, the court had before it the question whether the superintendent of banks in charge of the liquidation of a bank should pay a sales tax on the rentals received by him in leasing storerooms and offices owned by the bank. It was held that the superintendent of banks should pay this tax, the court saying:

"It occurs to us, however, that if a solvent bank may be held to be engaged in the business of charging rents for the purpose of 'gain, benefit or advantage' when managing an office building it owns and for this reason may be required to pay a 2 per cent. sales tax on the rentals it receives from that building, notwithstanding the fact that charging and collecting rentals is merely incidental to its main business of banking, one who, in handling the affairs of the bank after insolvency, is compelled to charge and collect rentals on that building is also engaged in the business of charging rentals and, therefore, subject to the provisions of the excise revenue act. Leasing the space and collecting the rentals therefor, even though the bank is no longer a going concern, continues until the process of liquidation is completed or the building disposed of, the only difference being that these acts are performed by the receiver, rather than by the bank officials, and that those who benefit from them are the creditors of the bank instead of its stockholders."

In *Jenks* v. *State*, 188 Wash. 472, 63 P. (2d) 369, the state supervisor of banking sued to recover taxes paid by him on conveyances which he made as liquidator of a bank. The taxes had been paid on sheriff's deeds issued to and received by the supervisor following foreclosures of mortgages, and also upon deeds executed by the supervisor pursuant to court order to the assignee of the supervisor's vendor's interest in certain contracts of sale of real property. The su-

pervisor contended that, since the statute was general in its provisions and did not specifically include the supervisor of banking, he was not subject to the statute. The court held that, notwithstanding the supervisor in liquidating a bank is the agent of the state and his possession is that of the state, the property is not exempt from taxation and the conveyances made by him were subject to the tax.

Subsequent to the decision in the Flatbush Gum Company Case, supra, the state court of New York, in *People* v. *Graves,* 249 App. Div. 49, 291 N. Y. S. 354, 355, had before it the question "whether a trustee in bankruptcy operating, under an order of the bankruptcy court, the business of a bankrupt corporation and selling tangible personal property at retail, is subject to the sales tax imposed by" the sales tax statute in a case where the corporation, if conducting the business itself, would have been subject to such tax. Section 390 of the New York statute, as it then existed and under which the corporation was operating, defined the word "person" as follows:

"When used in this article: (a) The word 'person' includes an individual, copartnership, society, association, joint stock company, corporation and any combination of individuals."

The court refused to follow the decision of the federal court in the Flatbush Case, saying:

"The definition of the word 'person' contained in section 390 is clearly indicative of a legislative intent to subject all receipts from sales of tangible property at retail to the tax, whether made by an individual on his own behalf or while acting as receiver or trustee or in any other fiduciary capacity. It should be noted that the definition made no reference to an executor or administrator; yet no one would seriously contend that the Legislature intended that a merchant should be subject to this tax upon sales made in his lifetime but that upon his death identical sales should be exempt from tax because made by his legal representatives. To hold that the Legislature intended to relieve receivers and trustees from the application of the tax would be to impute to that body a design to give such officials an unconscionable advantage over individuals engaged in like occupations. A privilege tax, such as this, is eventually passed on to the consumer and is

reflected in the selling price. If a trustee in bankruptcy who continues the business of the bankrupt estate is immune from the tax, he may sell his merchandise at the same price as his competitors and retain the tax or undersell his competitors by the amount of such tax. We are not willing to ascribe such an absurd intent to the lawmaking body. Clearly such was not the intention of the Legislature in enacting this law. On the contrary, it is plain that the broadest possible base was intended and hence the presumption was created that 'all receipts are subject to the tax until the contrary is established.' Such a comprehensive provision is manifestly inconsistent with a contention that, by the definition of the word 'person,' it was intended to exclude receipts from sales by individuals acting as receivers, trustees, executors, or in other fiduciary capacities. Far from intending an exclusive definition, a broad, general, inclusive, and all-embracing definition was intended. Consequently, besides individuals, partnerships, corporations, societies, joint stock companies, associations and any combinations of individuals were all comprehended in the term 'person.' "

The tax is imposed upon all sales at retail, upon all sales made to a purchaser who did not buy for the purpose of resale. Had the company itself sold all its personal property to a consumer and not for resale for the purpose of winding up its business and making distribution to its creditors and stockholders, there can be no question but ▪ that it would have been responsible for making a return of the sale and remitting the tax. We can perceive no reason why a receiver, acting in its behalf, albeit under order of the court appointing him, was intended by the Legislature to be immune from such responsibility. The tax is imposed upon the sale, the transaction, and not upon the seller as such. The language imposing the tax is broad and all-inclusive as heretofore pointed out. It undoubtedly was the legislative intent to make the term "person" broad and general enough to fix responsibility for the collection of the tax thus broadly imposed. We cannot assume that the Legislature intended to impose a tax generally upon all retail sales and then, in defining those responsible for its collection, restrict by such definition the language of the act imposing the tax.

We are of the opinion, therefore, that, whether it be as-

sumed that the sales made by the receiver in this case were made while he was conducting the business or were made in the process of liquidation, the statute imposed a tax upon the sales made by him and that by the terms of the statute he is responsible for making the returns to the Tax Commission and paying the taxes required by the act.

It follows, therefore, that the lower court erred in denying the motion of the Tax Commission. The order so denying the motion is hereby vacated and the cause remanded to the district court for disposition in accordance with the views herein expressed. Costs to appellant.

FOLLAND, C. J., and MOFFAT, WOLFE, and LARSON, JJ., concur.