## ARCHER v. ARNOVITZ et al.

No. 5922. Decided August 3, 1937. (70 P. [2d] 462.)

*Chris Mathison,* of Salt Lake City, for appellant.

*Ned Warnock,* of Salt Lake City, for respondent.

PER CURIAM.

Plaintiff, as receiver of the Starlene Gas & Oil Company, a corporation engaged in the business of importing and distributing gasoline and motor fuels within the State of Utah, was duly licensed under the provisions of law as a distributor of motor fuels and as such was required by the State Tax Commission to pay a tax on gasoline sold or used by him in the state. The taxes were paid by the receiver under protest, and he thereafter brought this action to recover the money so paid. A demurrer to plaintiff's complaint was sustained by the trial court and plaintiff elected not to further plead. A judgment of dismissal was made and entered, from which judgment plaintiff appealed.

The only question involved is whether or not plaintiff, as receiver of such corporation, may be required to pay a gasoline tax on the motor fuels sold or used by him in operating the affairs of the receivership. The point made is that in the absence of a specific provision imposing a tax on a receiver, "there is not warrant of authority for imposing" and collecting the tax here in question.

This question has been recently decided by this court adversely to appellant's contention in *Bird & Jex Co.* v. *Anderson Motor Co.*, 92 Utah 493, 69 P. (2d) 510. The only difference in the cases is that in the Bird & Jex Case the tax was imposed on sales made by the receiver in liquidating the affairs of a defunct corporation, while here the receiver has been continuously operating the business of the corporation as receiver under the direction of the court. There the tax was a general sales tax, while here it is the gasoline tax. The same principles of law apply in both situations. Indeed, there is less reason to argue that an operating receivership should be immune from a sales tax or gasoline tax than a liquidating receivership. There is no such difference in the wording of the statutes as to require for appellant's contention a more favorable consideration than the contention of the receiver in the other case.

On authority of the decision in the case of *Bird & Jex Co.* v. *Anderson Motor Co.*, supra, the judgment of the district court is affirmed. Costs to respondent.