**PAYNE CORPORATION, Bankrupt, In re.**

United States District Court, Northern District of Ohio, Eastern Division.

No. 69781.   Decided November 5, 1953.

Morris R. Blane, Cleveland, for trustee, Henry B. Johnson. Vincent Fornes, Cleveland, for the State of Ohio.

## OPINION

By FRIEBOLIN, Referee in Bankruptcy.

The question to be determined, in a sentence, is:  Is the sales tax statute of Ohio applicable to a sale at public auction of the property of the estate by the trustee in a strict (liquidation) bankruptcy proceeding, pursuant to the order of the Bankruptcy Court?

The Ohio Tax Commission claims that the state statute is applicable and accordingly, by the public sale by the trustee of a truck, the tax upon the amount of the sale must be paid. The trustee claims that the statute does not apply.

The facts are not in dispute.   In this strict bankruptcy proceeding, the trustee, pursuant to the order of this court, sold a truck belonging to bankrupt's estate at public sale for cash.   The sale was confirmed by the court.   The trustee did not collect the sales tax as required of vendors under the statute.   The vendee, having had the title assigned to him by the trustee as provided in Sec. 70g[1] of the Bankruptcy Act,

---

1. Sec. 70g.   "The title to property of a bankrupt's estate which has been sold, as herein provided, shall be conveyed to the purchaser by the trustee."

applied to the county clerk for a new certificate of title as provided in §4505.06² R. C. (formerly §6290-5 GC). It was refused by the clerk upon the request of the Tax Commissioner because of the failure of the trustee to collect and pay the sales tax. Thereupon, the trustee filed an application for a writ of assistance in completing his transfer of title to the purchaser and for an order upon the Tax Department and the clerk of courts to show cause why a certificate of title to the trustee should not be issued without payment of the tax.

The answer is not without difficulty for reasons later appearing. It seems to me that the problem may be most clearly considered under the following heads:.

1. Does the Ohio Statute by its terms or necessary implication, cover a liquidation sale by a trustee in bankruptcy pursuant to order of the Bankruptcy Court?

2. If it does include a tax upon a sale by the trustee in a liquidation proceeding as distinguished from a sale in the course of conducting the bankrupt's business, is it valid in this respect in view of the paramount provisions of the Bankruptcy Act as enacted by Congress?

If the tax is invalid as to such sales, it would seem to follow that neither the trustee nor his purchaser would be liable.

The Ohio Sales Tax Act (§5739.01 et seq. R. C., formerly §5576-2 et seq. GC), is rather long. It differs in some respects from similar statutes in other states which have been considered in the reported cases. For that reason the authority of the reported cases is difficult of appraisal. All of the statutes, however, are fundamentally directed to collecting a tax upon retail sales of personal property made within the state. As to what persons are to be held liable: seller or purchaser, or both; the kind of sale and of what property and how collection is to be enforced and against whom, the various statutes differ. For this reason the cases and their holdings differ in some particulars.[3]

---

2. Code Sec. 4505.06 unnumbered paragraph 3: "The clerk, except as provided in this section, shall refuse to issue a certificate of title unless prepaid tax receipts required by section 5739.03 are presented . . ."

3. Having read many cases on the subject, I can agree with what the 8th Circuit Court of Appeals said in Kansas City v. Johnson (1934) 70 F. 2d 360 in which an equity receiver in Federal Court was appointed for the purpose of carrying on the debtor's business of selling gasoline. The court said, in holding that a tax on the sale of gasoline was valid, that the pertinent cases made many fine distinctions and presented subtle arguments; that in some cases it was held that the tax was to be

Before proceeding to consideration of the applicability of the Ohio Statute to sales by a trustee in a **liquidation bankruptcy proceeding**, it will be helpful to mention a section of the U. S. Code enacted in 1934 which, in my judgment, helps to explain and probably to distinguish some of the cases.

Remembering always that in the case at bar, the tax is claimed to be applicable to a public sale by a trustee in a **liquidating bankrupt proceeding**, 28 U. S. C. A. Sec. 960[4] provides, in substance, that officers and agents who, pursuant to the order of a Federal Court **conduct the business of a debtor,** shall be liable for Federal and State taxes for which the debtor would be liable in the **conduct of such business.** This section was enacted because of conflicting decisions upon the subject.[5]

It follows that if the Ohio Statute can be held to include trustees in bankruptcy, then sales by them **while conducting bankrupt's business** would be subject to the tax by reason of this Congressional enactment (1934) even as the Bankruptcy Act is a Congressional enactment of a preceding date (1898).

Does the Ohio Statute include sales by a trustee in bankruptcy regardless of whether the sale was in the conduct of bankrupt's business or a liquidation sale?

Parenthetically it may be said that there is no contention by the Tax Commission that this sale was made by the trustee in the **conduct of bankrupt's business.** It was a sale at retail and what is described as a "casual and isolated sale by a vendor—of a motor vehicle," as provided in §5739.02(7) **R. C.,** which is a sale not exempted from the tax.

The Tax Commission contends that a trustee in bankruptcy

---

paid by the consumer and collected by the distributor; in others they provide that the tax shall be paid by the distributor; these are distinctions without a difference because in all cases the tax must ultimately be paid by the consumer. The purpose of such statutes is to tax the gasoline handled and sold within the particular states.

4. 28 U. S. C. A. Sec. 960, formerly Sec. 124a: "Any officers and agents conducting any business under authority of a United States Court shall be subject to all federal, state and local taxes applicable to such business to the same extent as if it was conducted by an individual or corporation."

5. 24 A. L. R. 2d 1219. And see Kansas City v. Johnson (8CA '34) 70 F. 2d 360, decided prior to 28 U. S. C. A. Sec. 960. The definition of "persons" whose sales were subject to the sales tax was held broad enough to include a federal (equity) receiver who carried on the debtor's gasoline business although receivers were not expressly mentioned in the definition.

is included among the "persons" affected by the Statute. The applicable section, §5739.02 R. C. reads:

"Persons includes individuals, firms, partnerships, joint stock companies, corporations and combinations of individuals of any form."

"Vendor means the person by whom the transfer effected or license given by a sale is or is to be made or given . . ."

The Tax Commission contends that a "trustee in bankruptcy is a 'person' within the meaning of the above definition." (Commissioner's brief p. 3) It relies chiefly upon People ex rel v. Graves decided in 1936 by the Appellate Division of the New York Supreme Court, 291 N. Y. S. 354. This case is not in point because the statute involved defined the word "person" as including "any individual, association, executor, administrator, receiver, trustee, or other fiduciary.[6] This obviously is much more inclusive than the Ohio Statute. More to the point, the tax was levied upon sales by a trustee in bankruptcy conducting the bankrupt's business in a composition proceeding, not a liquidation sale. Since the trustee in bankruptcy was found to be included in the definition, the tax in this case would in any event be valid under 28 U. S. C. A. Sec. 960.[7]

It is worthy of note that in this Graves case, as in others where a sales tax was upheld upon a bankruptcy receiver or trustee conducting the bankrupt's business, the court's reasoning was based upon an intent of the legislature not to relieve receivers and trustees from the tax which would give them an advantage over others engaged in like occupations and business at retail.[8]

---

6. For some reason, not apparent, the court devotes much of its opinion in criticizing the decision in Flatbush Gum Co.—later herein discussed—although in the latter case the statute did not include a trustee in terms and the trustee did not conduct bankrupt's business: two critical facts in the decision. The Commission in its brief (pp. 4 & 5) has entirely overlooked and failed to note these two vital differences in the two cases.

7. In this case, the trustee had paid the tax and the purchaser who had paid the trustee, sued for a refund.

In the case of In re Leavey (2 CA '36) 85 F. 2d 425, cited by the Commission on another point, a trustee in bankruptcy was held to be included in "the definition of persons."

8. The court said further: "A privilege tax such as this, is eventually passed on to the consumer and is reflected in the selling price. If a trustee who continues the business of the bankrupt estate is immune from the tax, he may sell his merchandise at the same price as his competitior and retain the tax or undersell * * *."

The Tax Commission cites one other case: Bird and Jex Co. v. Anderson Motor Co. (1937) 92 Utah 493. This was a case involving a sales tax upon sales by a **state court receiver**, not a case in bankruptcy.[9] Another case involving a state court receiver might have been cited.[10]

Opposed to these decisions there are two decisions in the U. S. Court of Appeals, Second Circuit. The first, In·Re Flatbush Gum Co. (2CA '34) 73 F. 2d 283, involved a N. Y. state Sales Tax Act. It defined the word "persons" in words almost identical with that of the Ohio Statute.[11] The court below had held.[12] that a sale by a receiver of bankrupt's personal property at public auction was not subject to the tax because a receiver was not included in the definition of "persons" and also, the court **doubted the validity** of a sales tax imposed upon a sale in liquidation by a bankruptcy receiver. The Court of Appeals affirmed upon the first ground, stating that if the statute in defining the word "persons" **had** included a receiver in bankruptcy "the rather baffling question" of the **validity** of a state tax in a bankruptcy sale would be an issue. It **does** say that the coverage of taxing acts are not to be extended by implication.

In a later case the same Court of Appeals adhered to this ruling and applied it to a receiver who **continued the bankrupt's business.**[13] Also it is interesting to note that the Leavey

9. In this case the word "persons" was defined to include "estates or trustee." But the state court receiver had apparently sold in course of business and the court held that the tax was "imposed on all sales at retail, upon all sales made to a purchaser. The Tax is imposed upon the sale, the transaction, and not upon the seller as such."

10. White v. Moore ('35) 46 Ariz. 48. (state court receiver held included but not of a bank.) Archer v. Arnovitz ('37) 92 Utah 549. (a state court liquidating receiver who operated the business.)

11. "Persons" to include "Individuals, co-partnerships, societies, associations, joint stock companies, corporations, and any combinations of individuals." N. Y. Consolidated Laws Ch. 60 Sec. 390.

12. Re Flatbush Gum Co., (D. C. N. Y. 1934) 6 F. Supp. 909 holding that the persons covered cannot be enlarged by implication to include the trustee in bankruptcy; and it doubted the validity of a state sales tax imposed upon a sale in liquidation by a bankruptcy receiver.

13. Re Browning King & Co. (2CA 1935) 79 F. 2d 983; reported as so holding, by Judge Lindley in Re Messengers Merchants Lunch Rooms (7CA '36) 85 F. 2d 1002.

case, upon which the department so heavily relies in a point later discussed, approves these decisions.[14]

In the case of Re Messenger Merchants Lunch Rooms (7CA '36) 85 F. 2d 1002, the Seventh Circuit Court of Appeals speaking through Judge Lindley, after the enactment of 28 U. S. C. Sec. 960 approved the holdings in Re Flatbush Gum Co. supra, and Re Browning King & Ço. supra, repeating the frequent statement by the courts that a tax cannot be extended by implication.[16] In the light of these decisions, I am constrained to follow what I believe to be the sounder rule and to conclude that a trustee in bankruptcy in a sale in a liquidation proceeding is not covered by the Ohio Statute. What is later said herein upon the next question, also has some relevance.

However, the Tax Commission calls attention to a rule promulgated by the Tax Commissioner in 1948, **prior** to the last amendment of the Ohio Sales Tax Act. It provides (See Commissioner's brief herein p. 7) that:

"All sales made by officers of a court, pursuant to court orders, are casual and isolated sales, with the exception of sales made in connection with the liquidation or the conduct of a regular established place of business . . ."

The contention is made, that this rule (which is not too clear) should be regarded as the law, since the Commission has so regarded it and especially, since the legislature amended the Sales Tax Act **thereafter** and did not disturb the Rule (Commissioner's brief herein, p.p. 7 & 8).

As I read the rule, it purports to say that, although the statute does not in its language include receivers and trustees, let alone in a liquidation proceeding, by this rule **that** part of the statute which **excludes** liability for a sales tax upon casual and isolated sales **except** sales of a motor vehicle, shall be construed to include a sale at public auction by a liquidation trustee in bankruptcy pursuant to the order of the Bankruptcy Court in the administration of the Bankruptcy Act.

---

14. Re Leavey (2CA '36) 85 F. 2d. In this case the Second Circuit, construed an ordinance in which "Persons" was defined as including "estates, executors, administrators, receivers, trustees, or any other person acting in a fiduciary capacity; it affirmed its prior decisions referred to above which refused to extend the class of "persons" covered by the statute by implication.

15. The statute includes as "persons" affected: individuals, partnerships, and corporations." The court also cited Reinecke v. Gardner 277 U. S. 239 (Excess profits tax) and U. S. v. Whitredge 231 U. S. 144 (receiver operating business).

Conceding that administrative bodies may make rules to carry out the provisions of an act of the legislature, I seriously doubt that, especially in administering a tax statute, such administrative agency can properly and legally extend the statute's applicability to persons not within the definition of the legislative act. The fact that the legislature amended the Sales Tax Act **after** the promulgation by the Tax Commissioner of a Rule so radically extending its coverage, is as much an argument **against** its validity as **for** it—conceding that the legislature ever heard of it. It would seem more likely that, if the legislature had any intention to adopt such a construction of this Tax Statute, invading as it would. a field in which Congress has enacted a Bankruptcy Act which provided for the sale of the property of bankrupts and for distribution of its proceeds pursuant to such Act, it would have said so in no uncertain terms.[16]

As has already appeared from quotations in cases heretofore cited, there seems to be no case exactly in point.

The Tax Commissioner cites in Re Leavey (2 CA '36) 85 F. 2d 25, 31 A. B. R. (N. S.) 698. The opinion of the court in this case gives considerable support to the contention of the Commissioner. It was the same court which decided the Flatbush Gum case and the Browning King & Co. case, supra, which it approves but distinguishes. Strangely, the Leavey case has not been cited with approval in any case involving a tax upon a sale by a bankruptcy receiver or trustee.[17] It

---

16. The Supreme Court of Ohio in McNeil, assignee v. Haggerty (1894) 51 O. S. 255, held that a statute requiring a trustee holding property in trust, to list the same for taxation, does not include an assignee of an insolvent whose estate is being settled in the Probate Court and under its orders. (p. 266) A later case, French v. Bole (1901) 64 O. S. 323, turns on the fact that the assignee operated the business as a going concern with a view to returning it to the debtor. (p. 340)

Upon the general rule, see also State ex rel v. Evatt ('44) 144 O. S. 65, 29 O. O. 4, a sales tax case, in which the court said (p. 101):

"In approaching the interpretation of statutes imposing taxes, it should be recognized at the outset that the rule of strict construction should be followed, and that where there is ambiguity or doubt as to legislative intent, the doubt should be resolved in favor of the person upon whom the burden of taxation is sought to be imposed, the language to be employed in a taxation statute should not be extended by implication beyond its clear import.

17. It was merely cited with approval but no discussion, in Re Bedford v. Bank ('39) 104 Col. 311, involving the right of a state

was distinguished in a recent case involving a California sales tax upon liquidation sales by a trustee.[18]

In the Leavey case, a trustee in a liquidating bankruptcy proceeding had sold the property of the estate at public auction. Payment of a sales tax as provided in a Municipal Sales Tax ordinance, was demanded by the authority, in the Bankruptcy Court. The trustee had not collected the tax. The Court of Appeals in reversing the District Court, with a rather sketchy discussion of the entire tax ordinance,[19] held that the trustee was one of the persons affected since, in the definition of "persons," **estates, Receivers, and Trustees** were expressly named.[20]

The court then, proceeding again to avoid the "rather baffling issue," held that the tax applied to a sale by a liquidating bankruptcy trustee because it was not a tax liability of the vendor (trustee), but of the **consumer,** and the vendor (trustee) was merely a collector.[21]

The court proceeded on the fact, **admitted by the parties,** that this was a retail sale within the definition of the ordinance. (It was clear. that the word "trustee" was included in the definition.) Although the tax was on the sale by the trustee, "the rather baffling issue" was not reached, said the court, because the "Sales tax is not imposed upon the vendor (the trustee)" for, according to section thereof it is to be paid by the **purchaser to the vendors:**

"* * * for and on account of the city of New York and the vendor shall be liable for the collection * * * and the vendor shall have the same right in respect to collecting the tax from the purchaser as in respect to non-payment of the tax by the purchaser as if the tax were a part of the purchase price."

---

to collect from a National Bank, a service tax on a safety deposit box, a business held to be separate from and not connected with its banking.

18. Re West Coast Cabinet Works (D. C. Cal. 1950) 92 F. Suppl. 638, 649 affirmed in Calif. State Board v. Goggin (9CA '51) 191 F. 2d 726; cert. den.—The District Court gives an extensive review of all relevant cases. With respect to the Leavey case it says that the Court of Appeals had held the Municipal Tax imposed on the consumer, and the vendor merely the collector; that the reasoning was based upon that premise.

19. N. Y. Local Laws 1934, p. 166, No. 25 Sec. 2; also found in New York City Charter Administrative Code. Annotated. E. 41-220, et seq.

20. See ante, Note 11.

21. See Note 15; distinguished on this ground in Re West Coast Cabinet Works, 92 F. Supp. 636, 649; affd. 191 F. 2d 726.

Again the Court said:

"In any event, the fact that he (the trustee) only **collected** the purchase price and **did not require the purchaser to pay the tax** was a matter of his personal choice."

Again the court said:

"A tax on a sale by a trustee under an order of court for purposes of liquidation **if payable directly and primarily** by him would doubtless be a burden on a governmental instrumentality, for a judicial sale in liquidation of a bankrupt estate would in a peculiar sense involve the exercise of a federal function. Indeed without the exercise of such a function and the power thus to dispose of assets administration in bankruptcy would hardly be practicable. A tax on the vendee in connection with the sale in liquidation of a bankrupt's estate is at least in a **formal sense** quite different from a tax in which the vendor is primarily liable.[22]

In any event the court sustained the validity of the tax not only because "trustee" was **expressly** included as a "person" covered by the sales tax ordinance, but also because the vendor (trustee) was not **primarily** liable for the tax—although by his sale pursuant to the Bankruptcy Act, he did become liable.[23]

It seems to me that in California State Board v. Goggin, Trustee (9CA '51) 191 F. 2d 726; affirming 92 F. Supp. 636 cert. denied 342 U. S. 903, the court comes closer to the realities. the real issue, involved in this class of cases although the Calif. Sales Tax Statute varies in some respects from that of Ohio also from that of New York in the cases heretofore mentioned.

In this case the receiver in bankruptcy had conducted the business (in a Chapter XI proceeding), made retail sales and paid sales taxes thereon. As trustee he **conducted the business** until March 22, 1946, and paid the sales tax. On March 29, by order of the court, he sold the assets of the

---

22. Whether we agree or not with the courts findings, it must be clear that it proceeded on the premise that the vendor (trustee) was a mere collector, and as a mere collector he had the choice— "the personal choice"—whether or not to collect it from the purchaser. As will appear later, the Ohio Sales Tax leaves no such choice. In fact, if he fails to collect it from the purchaser, he is guilty of a punishable offense. RC 5739.29 and 5739.99.

23. See Note 1, supra, where the court referred to the courts' making many nice distinctions and presenting subtle arguments; that in some cases the tax was held to be paid by the consumer and collected by the distributor (vendor); these are fine distinctions without a difference because in all cases the tax must ultimately be paid by the consumer; the purpose of such statutes is to tax the gasoline handled and sold within the state.

bankrupt at retail by public auction: five trucks belonging to bankrupt. He did not add a sales tax, did not report them and refused to pay them.

The trustee petitioned for an order to enjoin the State Board from enforcing the assessment of the tax. The referee issued the injunction and the District Court affirmed. (92 F. Supp. 636.)

First, the Court of Appeals held that the statute which provides that no District Court shall enjoin any suit to enjoin collection of any state tax where there is an efficient remedy in the state court (28 U. S. C. A. Sec. 1341) did not abridge the power, **specifically granted to the Bankruptcy Court** to enter any judgment necessary to enforce the provisions of the Bankruptcy Act. (Sec. 2a [15] of the Act.) The process of dealing with state tax assessments, the court said, is one essential to the administration of a bankrupt estate.

The next question was: Does the California Sales Tax apply to **liquidation sales** made by a trustee in bankruptcy pursuant to court order? (p. 729.)

Referring to the Sales Tax Statute, the court noted that since its prior decision,[24] the legislature had enlarged the definition of "persons" to whom the statute applied, by adding the words "trustee" and "the United States."[25]

In the statute the word "retailer" was defined, among others, as every person engaged in the business of making sales at retail of personal property. (This was held to include casual and incidental sales.) The contention was that the amendments imposed the tax upon **liquidation** sales made by a trustee in bankruptcy. Apparently, it was contended (p. 729) that liability was fixed by 28 U. S. C. A. Sec. 960, formerly Sec. 124a.

The court emphasizes that the question is not whether the tax applies to a trustee in bankruptcy **(in any instance)** but

24. State Board v. Hoteler. (9CA '52) 131 F. 2d 386. In this case, although the state Supreme Court had construed the state statute taking retail sales as including "casual and incidental sales," the Court of Appeals, referring to 28 U. S. C. A. 960, held that the trustee in a liquidation sale and not carrying on the business, could not be classed as a "retailer."

25. Cal. Stats. 1945, Ch. 926 Sec. 1: "persons" includes any individual, firm, co-partnership, joint venture, associations, social club, fraternal organizations, corporations, estates, trust, business trust, receiver, trustee, syndicate, the United States, this State, any county, city and county, municipality, district or other political subdivisions of the state or any other group or combination acting as a unit."

whether it applies to sales made by him **in the liquidation of the bankrupt's estate.** (Emphasis by the court.)

The court then refers to the construction of the statute by the state court, to the effect that the tax measure is an **excise tax** for the privilege of conducting a retail business measured by the gross receipts from sales. It continues:

"More tenable is the construction that the California tax, as indicated by the California courts is **geared to the federal statute** which is general in nature, making officers appointed by the United States courts liable for state taxes if they conduct any business. A harmonious application of the federal and state laws here involved leads us to the conclusion that in making the sale of the assets of the bankrupt estate pursuant to court order for the purpose of liquidation, the trustee was not subject to the California sales tax."

Again this paragraph:

"It would be unwise to foster conflict where **Congress has manifested a desire for harmony.** Any such conflict would necessarily entail an application of the fundamental doctrine that laws enacted pursuant to power delegated to the United States Congress under the Constitution are the supreme law of the land, and state laws inconsistent therewith are to that extent invalid. Our conclusion, however, adheres * * * but also to the doctrine that where problems in the sphere of dual sovereignty are involved, legislation should receive a construction which permits both to function with a minimum of interference with the other."

While the majority seems to hesitate to state a firm conclusion on "the rather baffling issue," Judge Fee in a concurring opinion boldly states that the Bankruptcy Law passed by Congress is paramount; that Congress has thus given the Bankruptcy Court plenary powers by way of liquidation of assets; that a tax on a liquidating sale, **whatever form is taken,** is a tax on the process of the court in liquidating assets in accordance with the constitution.

He continues:

"In another aspect it may be considered as a license fee required of federal officers to make liquidation. In either event, it is void. A tax may be levied upon **specific** property in the hands of a trustee. Swartz v. Hammer 194 U. S. 441. But no state is empowered to levy taxes upon the process of the courts of the United States or to impede the officers of the court in an essential judicial function."

I have read both the Ohio and the California statutes. While there is a considerable difference between their various provisions, fundamentally they have the same purpose in that they provide for an excise tax (not a tax on property); a tax on sales including casual sales at retail.

It is evident that the court in the Goggin case found that the tax was not merely on the consumer with the vendor merely the collector (as in the Leavey case).[26] But the court gives no weight to that. It indulges in no exercise in semantics in attempting to find that the vendor or consumer is primarily liable—as in the Leavey case—as a ground for denying applicability to a trustee in bankruptcy. The court goes beyond that and construes the state Sales Tax in a way that will gear it to the federal statutes enacted by Congress: not only 28 U. S. C. A. Sec. 960 but the Bankruptcy as well.

Following the reasoning of this decision, I am constrained to conclude that, if I am wrong in my previous conclusion (that a bankruptcy trustee is not included in the "persons" whose sales are subject to the tax), the Ohio Sales Tax statute is invalid in respect to liquidation sales by such trustee of a bankrupt's personal property, as contrasted with such sales while conducting the bankrupt's business.

3. The Commissioner relies heavily upon the decision in Leavey, supra in which the New York City Ordinance was held to apply to a bankruptcy trustee because it was a tax upon the **consumer** (vendee) and not upon the vendor (trustee). He contends that the Ohio Tax is on the **consumer** and the vendor a mere collector. In his brief (p. 11) he says:

"It should be pointed out that in the instant case the trustee does not even have the responsibility of collecting the tax since this is the duty of the clerk of courts. **The purchaser and not the vendor is liable for the tax** and his liability is the same as for any other purchase he makes in this state."

A reading of the entire Ohio Sales Act will show that the **vendor's** liability is hardly so casual. In fact, it is evident that the Commissioner looks chiefly to the **vendor** in the payment of the tax.

A considerable number of sections rather clearly disclose that the **vendor** is liable, certainly as much liable as the consumer. The vendor is not **secondarily** liable. if by that is meant that the consumer must first be looked to for payment. The **vendor** is liable whether he collects the tax or not. In fact, the vendor is liable in some instances where the consumer is not.[27]

---

26. The Calif. Act says little about the liability of the vendee. But it makes it unlawful (misdemeanor) for the seller to assume or absorb the tax.

27. Cogen v. Glanders ('51) 156 O. S. 263, 46 O. O. 125, where the vendor is held liable for the tax based upon the price not only of materials furnished (which is taxable) but also upon the value of services rendered in connection with that material.

We have the statement of the Supreme Court of Ohio that by the enactment of §5546-12 GC (now §5739.10 R. C.), a tax levy of 3% upon vendors was provided in the Ohio Sales Tax Act. State ex rel v. Evatt ('44) 144 Oh St 65, 29 O. O. 4. By this enactment, payment of the tax by the vendor was made doubly certain; he could reduce his liability by credits of receipts from consumers.

If the consumer fails to pay the tax, the Commission must first issue assessment against the vendor. Sec. 5739.13 R. C.

Below we have briefly listed most of the pertinent section of the Ohio Sales Act.[28]

4. It would seem that the fact that in the case before us the tax is attempted to be collected by the clerk of courts, does not save it from invalidity; it is merely an indirect method of collecting a tax on a sale made by a liquidating trustee in

---

28. Rev. Code Sec. 5739.02: An excise tax is levied on each retail sale of personal property. Sec. 5739.02 B: The tax does not apply (10) Casual sales by vendor not in business except as to sales of motor vehicles; (11) Sales not within the taxing powers of this state under the constitution of the United States. Sec. 5739.02: Tax to be paid by consumer to vendor except that the Tax Commissioner may authorize the vendor to prepay the tax and waive the collection of the tax from the consumer. Sec. 5739.02, there is levied upon the privilege of engaging in the business of making retail sales an excise tax of 3% . . . . (this places it upon a vendor only.) If the vendor does not have adequate records of receipts the tax commissioner may refuse the vendor's return and determine the tax upon the basis of test checks, etc. (In this section it is provided that it does not affect any duty of vendor nor the liability of any consumer.) Sec. 5739.12. Semi-annual Return by Vendor. This section requires a return by the vendor showing "the amount due from the vendors to the State for the period covered." Failure by the vendor to file a return, is penalized by payment of $1.00 for each day "as revenue arising from the tax imposed by Sec. 5739.01 to 5739.31" (There is no such liability upon the consumer) Sec. 5739.13: Liability of Vendor and consumer. If vendor fails to collect or fails to cancel prepaid receipts, he shall be personally liable. If the consumer refuses to pay vendor, he shall be personally liable. "The Commissioner may make an assessment against such vendor or consumer." "The Commissioner shall first issue assessments against the vendor, unless it is shown that the consumer refused to pay . . . shall not be considered an election of remedies nor a bar to an assessment against the consumer . . ." Sec. 5739.14 Sale of Entire business. Sec. 5739.17. Retail Sales License—not applicable to receivers or trustees in bankruptcy.

bankruptcy. If such tax is invalid because it is a tax on a liquidation sale rather than upon a sale where the trustee is conducting the bankrupt's business (28 U. S. C. A. Sec. 960), it should not be permitted to be enforced by any indirect method. In effect, by §4505.06 R. C.—the clerk is made the enforcing officer of the tax instead of the commissioner. Thereby the vendor (trustee) is prevented from giving a clear title to property which he has sold by way of a sale upon which no tax may be levied.

It should follow that, if the liquidating trustee in bankruptcy is held to be **not a vendor** in respect to such sale (whether because not included in the definition or because not included in 28 U. S. C. A. Sec. 960) the tax cannot be rightfully collected by any indirect method.

For the reasons stated I conclude:

1. That by reason of omission of a trustee in (liquidating) bankruptcy in the definition of "persons" in the Ohio Sales Act, this act does not apply to sales by the trustee pursuant to the order of the Bankruptcy Court for the purpose of liquidation as distinguished from sales in the conduct of bankrupt's business.

2. If, contrary to the above conclusion, it should be found that such sales are within the provision of the Sales Tax Statute, I conclude that such statute, in this respect, is invalid for the reason that it interferes with the administration of the Bankruptcy Act by the Bankruptcy Court and is contrary to the purpose of Congress, as evidenced by 28 U. S. C. A. Sec. 960, to restrict the validity of states taxes, payable by trustee for their actions during the administration, to sales made by the trustee while conducting the bankrupt's business

An order will be entered enjoining the Tax Commissioner and the Clerk of Courts from collecting the tax here in question.

An exception will be noted on behalf of the parties aggrieved.