362 P.2d 422

**RALPH CHILD CONSTRUCTION COMPANY, Plaintiff,**

v.

**STATE TAX COMMISSION of Utah, Defendant.**

**No. 9374.**

Supreme Court of Utah.

June 1, 1961.

Howard & Lewis, Provo, for plaintiff.

Walter L. Budge, Atty. Gen., F. Burton Howard, Asst. Atty. Gen., for respondent.

WADE, Chief Justice.

Ralph Child and Ralph Child Construction Company seek by this action a review

of sales and use tax assessments against them. Child is a general contractor constructing telephone systems, building and other facilities. He claims the State Tax Commission made five unauthorized assessments of sales and use tax against them because:

(1) The sales tax assessment against the purchase of telephone poles as the ultimate consumer from Southam and Sons is authorized only against the seller and not against the ultimate consumer.

(2) The purchase of telephone supplies and equipment from Kellogg Switchboard and Supply Company was negotiated and title passed f. o. b. to Child in Utah and he was the ultimate consumer so the use tax assessed against Child was unauthorized.

(3) The assessment of either use or sales tax on out of state purchases for out of state use only is unauthorized.

(4) The assessment of sales or use tax on out of state purchases for use in this state but which were later sold without being used for out of state use is unauthorized.

(5) Since there was no primary obligation to pay the tax and no wilful intentions to avoid payment of these assessments the penalties assessed against Child are unauthorized.

We will consider these contentions in the order that they are stated above.

■ (1) The assessment of a sales tax on the purchase price of telephone poles against Child, the ultimate consumer, was proper. Child purchased these poles from Southam of Spanish Fork, Utah, and set them in the ground under a general contract with the Emery County Union Telephone Association, Inc. to construct a telephone system. The poles were delivered by Southam from May 20 to October 27, 1952. Child set them in the ground and attached them to and made them a part of the telephone system, not as a separate sale to the telephone company but under a general construction contract. Neither Southam nor Child reported such sale to the Tax Commission, which first learned of it in auditing Child's books just prior to February in 1959. All parties concede that the tax has not been paid.

Only one of 26 invoices was introduced in evidence, and there was testimony that it is typical of all of them. Near the bottom of the invoice appears in typewriting the words, "For Resale," on the same line with the printed words, "Sales Tax." But the auditor testified, "I don't have any idea" how many of such "invoices show the words 'For Resale.'" The Commission argues that this is proof that Child represented to Southam that he was purchasing these poles for resale, and since Child did not resell them, but installed them as a part of the telephone system, thereby be-

coming the ultimate consumer, Southam is relieved from collecting and paying this sales tax under Section 59–15–5, U.C.A. 1953,[1] and the sole liability to pay this tax was thereby shifted on to Child.

The state has the burden of producing substantial evidence which would reasonably justify a finding that Child made such a representation.[2] The only evidence tending to show such a representation is this one invoice and the fact that Southam did not report this sale to the Commission. This, at most, is very weak circumstantial evidence of such fact. There is no evidence that the words, "For Resale," were on more than one invoice. That invoice was made by Southam, not by Child. There is no direct evidence on the subject except Child's orders stated that all taxes were

paid, and Child testified that he did not remember making any such representation. This evidence is not sufficiently substantial upon which to base a finding of such a representation.

All parties concede that Child was the ultimate consumer.[3] Under our statutes the seller or "vendor" is required to collect tax from the purchaser-ultimate consumer[4] and pay it to the state. The primary obligation to pay the tax is on the ultimate consumer but we have repeatedly held that a retailer who makes a taxable sale must pay the state even though he has failed to collect the tax from the consumer.[5] However, we are not here concerned with that question. Our present problem is whether the state can collect the tax from the ultimate consumer, whom the statutes make primarily liable therefor,[6] where the

1. See Laws of Utah 1953, Chapter 113, page 290, Sales Tax Section 59–15–5, also U.C.A.1953, Section 59–15–5, in Volume 6, 1959 Pocket Supplement which contains the following provision: "Every person receiving any payment or consideration upon a sale of property or service subject to the tax under the provisions of this act, or to whom such payment or consideration is payable (hereinafter called the vendor) shall be responsible for the collection of the amount of the tax imposed on said sale; provided, however, that where any sale of tangible personal property is made by a wholesaler to a retailer, upon the representation by the said retailer that the said personal property is purchased by the said retailer for resale, and the said personal property thereafter is not resold, the wholesaler shall not be re- sponsible for the collection or payment of the tax imposed on the said sale, but the said retailer shall be solely liable for the said tax * * *."

2. Pacific Intermountain Express Company v. State Tax Commission, 8 Utah 2d 144, 329 P.2d 650.

3. Utah Concrete Products Corporation v. State Tax Commission, 101 Utah 513, 125 P.2d 408.

4. See note 2.

5. State Tax Commission v. Spanish Fork, 99 Utah 177, 100 P.2d 575, 131 A.L.R. 816; E. C. Olsen Co. v. State Tax Commission, 109 Utah 563, 168 P.2d 324.

6. Bird & Jex Co. v. Anderson Motor Co., 92 Utah 493, 69 P.2d 510; Western Leather & Finding Company v. State Tax Commission, 87 Utah 227. 48 P.2d 526; E. C. Olsen Co. v. State Tax Commission, note 5.

retailer fails to collect such tax and fails to report such sale and the state does not learn of the sale until after the retailer has gone out of business, and neither the retailer nor the ultimate consumer has paid the tax.

The Commission relies on a statement in E. C. Olsen Co. v. State Tax Commission, that if the articles involved are consumed by the processor as the last user "the tax must be paid thereon by the processor." [7] Although this out-of-context wording seems to throw some light on our problem we did not have before us or decide in the Olson case the question here presented. There we merely approved sales tax assessments against Olson on goods which he resold to ultimate consumers. No question was raised nor claim made that the state could collect a tax directly from the ultimate consumer where the retailer failed to collect the tax and report the sale.

It is generally recognized that "courts will give an act such a construction as will accomplish" its purpose.[8] The purpose of this act was to collect the sales tax from the person liable to pay it without hardship or injustice. The retailer is required to collect the tax from the consumer and pay it to the Commission as a

matter of convenience. But the primary liability to pay the tax is placed on the consumer. Where, as here, the retailer fails to collect the tax or to report the sale until after going out of business, and the amount of sale justifies such procedure the purpose of the act cannot be accomplished unless the Commission can assess the tax directly against the ultimate consumer and collect the same from him. No injury or injustice is thereby done to the ultimate consumer for he is required to pay only his primary obligation which he has not paid because the retailer-vendor failed to collect from him. So we conclude that the proceedings directly against Child as the ultimate consumer were reasonable in view of the purposes of this statute and we affirm the Commission's ruling on this item.

(2) The use tax assessed against Child for telephone equipment and supplies from Kellogg Switchboard and Supply Company is authorized by our statute.

The use tax is imposed on any person storing, using or otherwise consuming tangible personal property in this state, purchased after July 1, 1937.[9] Exempted from such use tax [10] are all sales included in the sales tax,[11] which is limited to sales

7. E. C. Olsen Co. v. State Tax Commission, 109 Utah 563, 574, 168 P.2d 324, 330.
8. State Tax Comm. v. City of Logan, 88 Utah 406, 422, 54 P.2d 1197, 1205.

9. See Chapter 16, U.C.A.1953 "Use Tax," and especially Sec. 59-16-3, thereof.
10. See Section 59-16-4(a), U.C.A.1953.
11. See Chapter 15, U.C.A.1953, "Sales Tax" and Secs. 59-15-4 and 5 thereof.

made in this state. The sales tax and the use tax cover similar sales for the same general purposes,[12] but a sale covered by the sales tax must be made in this state, so usually the sale involved in a use tax is an out of state sale, but no statute expressly so provides. The use tax applies to a storing, using, or otherwise consuming within this state of goods purchased which are not covered by the sales tax. In such case, the person storing, using or otherwise consuming such property is liable for the use tax, except if the purchase is made through a retailer within this state the tax may be collected by such retailer and paid by him to the Commission.[13] But the liability of the consumer is not extinguished until the tax is paid to this state.[14]

■ The purpose of the use tax is to impose a tax in the same amount as the sales tax would have imposed were it applicable. Here, although the title to the property passed in this state and the sale was negotiated here, the seller shipped the goods from out of the state and there was no retailer within this state involved in this transaction. The sales tax emphasizes the fact that ordinarily a retailer will collect that tax whereas the use tax contemplates that the consumer will pay the tax directly to the Commission. Since there is no express provision in our statute that the sale involved in a use tax must be an out of state sale, we conclude that under the facts of this case this transaction is not covered by the sales tax and therefore is covered by the use tax. Such being the case, Child had a direct obligation to pay this tax to the Commission from which he cannot be discharged unless the tax is actually paid. On the other hand, even if the use tax is not applicable and the sales tax is, Child would be obligated to pay this tax to the state on the same theory adopted in the first point above decided, that where no retailer has either collected the tax from the consumer nor paid the tax to the state, the ultimate consumer is obligated to make such payment.

(3) and (4). The use tax was properly assessed for other goods purchased by Child and delivered to him in this state. We consider these two claims together.

■ The invoices and bills of lading clearly show that all of the goods assessed were shipped and delivered to Child in this state. Our statute expressly provides that "it shall be presumed that tangible personal property sold by any person for delivery in this state is sold for stor-

---

12. See Union Portland Cement Co. v. State Tax Comm., 110 Utah 152, 176 P. 2d 879; my dissenting opinion in Geneva Steel Co. v. State Tax Comm., 116 Utah 170, at pages 181–182, 209 P.2d 208, at page 214.

13. See Section 59–16–5 and 6, U.C.A.1953, and Twaits Co. v. Utah State Tax Commission, 106 Utah 343, 148 P.2d 343.

14. See Section 59–16–3, U.C.A.1953.

age, use or other consumption in this state unless"[15] an exemption certificate is taken. There is no claim here that an exemption certificate was taken, so this statute, which is based on evidentiary facts shifts the burden of persuasion onto the purchaser upon proof of the delivery of these goods in this state.[16] Although "property stored in the state of Utah for resale, consumption or use in some state other than the state of Utah" is by statute [17] exempt from the use tax, and Child testified that the goods in question were used in other states, still the evidence was sufficient to sustain the Commission's finding against his testimony. The Commission carefully considered the evidence and substantially reduced the original assessment. In some phases of this situation there was a conflict in the evidence. After carefully considering all of the evidence we conclude that the Commission's findings are supported by the evidence and must be upheld.

▆▆▆▆ (5) The assessment of a penalty and additional interest charges on the sales tax involving the purchase of the telephone poles by Child from Southam in this state is not authorized although the penalties and interest on the other sales involving the use tax are.

Under our statute Southam as the retail vendor was required to collect this tax from Child and pay it to the Commission. The penalty above the ordinary interest rate are collectable from the vendor but are not authorized to be collected from the vendee or ultimate consumer where the vendor fails to make the collection.[18] Since Child the ultimate consumer is only obligated to pay this tax directly to the Commission under special circumstances he should not be burdened with penalties and extra charges for the failure of Southam, the vendor, to collect this tax and remit it to the Commission. The other penalties and extra interest charges were the direct obligation of Child and the statutes authorize collection thereof from him.

Affirmed, except as to the above indicated modification of the penalties against Child which is reversed. Each party to bear his costs.

HENRIOD, McDONOUGH and CALLISTER, JJ., concur.

CROCKETT, Justice (concurring).

I concur, except as to the statement that the evidence is not sufficient to justify a

---

15. See last paragraph of Section 59–16–7, U.C.A.1953, as amended in Volume 6, Pocket Supplement 1959.
16. See Final Draft of Rules of Evidence by Utah Rules Committee, Rule 14, Effect of Presumptions.

17. See Section 59–16–4, U.C.A.1953.
18. See Section 59–15–5, U.C.A.1953, same section as amended by Volume 6, 1959 Pocket Supplement, also Sections 59–15–8, 9 and 10, U.C.A.1953.

finding that Child represented that the poles were bought for resale. If the words "For Resale" appeared on all the invoices accepted by Child, it seems logical to conclude that the latter so represented to Southam to avoid payment of the sales tax. The Tax Commission's auditor, Mr. Kunz, stated that at the time he made the audit he asked the taxpayer's permission to remove one invoice, (Exhibit 1) which was granted. With respect to it he further testified:

"Q. Is State's Exhibit No. 1 typical of all these exhibits?

"A. Right."

It is appreciated that upon further examination he admitted that he "couldn't say for sure" whether the other invoices had the words "For Resale" on them or not. However, those invoices were part of plaintiff Child's business records. They were not produced in evidence. He indicated that they had been destroyed. The rule is well established that where one is in possession of evidence and fails to produce it, an inference may be drawn that it is against his interest. Therefore I have some doubt about the soundness of the conclusion that there is no substantial basis in the evidence to support a finding that Child made such representation. Accordingly, I prefer to reserve judgment on that matter. But I concur in sustaining the decision of the Commission that Child should be held responsible for the sales tax.