No. 36,787

DAVID W. CARSON, *Appellee*, v. THE CITY OF KANSAS CITY, *Appellant*.

(177 P. 2d 212)

Opinion filed February 10, 1947.

*Alton H. Skinner*, of Kansas City, argued the cause, and *Joseph A. Lynch, James H. Barnes, C. W. Brenneisen, Jr.*, and *William H. Towers*, all of Kansas City, were with him on the briefs for the appellant.

*David W. Carson,* of Kansas City, argued the cause, and *David F. Carson,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HOCH, J.: The question presented is whether sections 13-1078a and 13-1079, G. S. 1945 Supp., which deal with the paving or other improvements of streets and alleys in certain cities, are in violation of section 17, article 2, and section 1, article 12, of the constitution of Kansas. Proceeding under the provisions of these statutes, the city of Kansas City, Kan., instituted a paving project, and a resident against whose property a special assessment had been made, under the statute, commenced an action to enjoin the city from enforcing the assessment, from issuing special tax bills, or otherwise proceeding to carry out the project. It is unnecessary to set out the pleadings in full. It is sufficient to say that among the issues raised was the constitutionality of the statutes in question. Acting upon a motion by the defendant city to determine this question of law in advance of trial, the trial court held that the statutes were in violation both of section 17, article 2, and of section 1, article 12. From that order, the city appeals.

Section 17, article 2 of the constitution reads as follows:

"All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted; and whether or not a law enacted is repugnant to this provision of the constitution shall be construed and determined by the courts of the state."

Section 1, article 12 of the constitution reads as follows:

"The legislature shall pass no special act conferring corporate powers. Corporations may be created under general laws; but all such laws may be amended or repealed."

The question of whether the statutes are in violation of section 1, article 12 of the constitution was neither briefed nor argued on appeal, and we shall consider only whether the statutes are in violation of section 17, article 2 thereof.

Simply stated, the question is whether these statutes are in fact special laws enacted under the guise of a general law and to meet situations where a general law might be made applicable.

Sections 13-1078a and 13-1079 are complementary. Their basic provisions were originally enacted in 1927 (Laws of 1927, ch. 133). A number of amendments have subsequently been made, most of

which are not pertinent to the issues here. Both sections of the statute are lengthy, and no helpful purpose would be served by quoting them in full. Without attempting a comprehensive or detailed summary of the provisions of the two sections, it may be said that section 13-1078a provides means and methods for the improvement of streets and alleys by certain cities, action to be taken on the petition of property owners affected and the costs of the improvements to be assessed against the various properties made subject to the assessment and to be paid by special tax bills issued to the contractor doing the work; that section 13-1079 provides that these special tax bills shall be issued to the contractor payable in not to exceed ten annual installments, and shall be issued against each particular piece of property involved and become a lien upon the property superior to all other liens except the lien for general taxes, that no liability shall attach nor shall any claim arise against the city on account of such tax bills, that if assigned to bearer by the contractor, such tax bills shall become negotiable instruments and may be bought and sold by banks and trust companies subject to regulations prescribed by the bank commissioner and the state banking board.

As originally enacted these sections of the statute applied to "any city of the first class now having or hereafter acquiring a population of over 110,000." The constitutionality of the act was attacked on the grounds that Kansas City was the only city in the state qualified to exercise power under the act; that the act was a special act enacted in a case where a general law could be made applicable and therefore was in violation of section 17, article 2 of the constitution. In *State, ex rel., v. Kansas City*, 125 Kan. 88, 262 Pac. 1032, this contention was rejected and the constitutionality of the statute upheld. In 1931 the statute was amended by changing the population figure to 120,000. We are advised that this amendment was made to prevent the statute from becoming applicable to Wichita.

We come now to the amendments which appellee contends made the act unconstitutional. In 1941 there was added at the end of section 13-1078a this proviso:

"Provided, however, That this section shall not apply to any city located within a county having an assessed tangible valuation in excess of $150,000,000."

In 1943 a similar proviso was added to section 13-1079. We thus have an act which provides procedures general in character for

street improvements, but which is only applicable to cities of more than 120,000 population which are located in counties having an assessed tangible valuation not in excess of $150,000,000. The effect of the valuation proviso was to make the act inapplicable to Wichita, whose population had greatly increased following the change in the population figure in the statute to 120,000, and to leave it applicable only to Kansas City.

Under the terms of the law, if the population of any city increases to more than 120,000, the statute becomes applicable, provided that the assessed valuation of the tangible property of the county in which the city is located has not increased to more than $150,000,000. No reasonable basis has been suggested for such a classification and we discern none. The obvious purpose of the amendment was to make the statute apply only to Kansas City, and the result is that if the tangible property valuation of Wyandotte county should increase to more than $150,000,000, the statute would then cease to apply even to that city.

This question has been treated in such recent decisions of this court that there is no need now to again treat the subject at length. The instant case is clearly controlled by the decision in the recent case of *State, ex rel., v. Wyandotte County Comm'rs*, 161 Kan. 700, 171 P. 2d 777. In that case the court had before it the question of the validity of sections 68-1223 and 68-1224, G. S. 1945 Supplement, which related to the construction, reconstruction, improvement, or relocation and the use of bridges. The limitations upon applicability of those sections of the statute were almost identical with the ones before us. It is not necessary to set out in detail the provisions of those statutes. By their terms they were made applicable only to bridges in counties having populations of more than 130,000 and assessed valuations for taxation purposes of less than $150,000,000. The statutes were held invalid as being in contravention of section 17, article 2 of the state constitution. In support of that conclusion many of our later decisions were cited (page 706) and the citations need not be repeated here. In the opinion it was said:

"While the legislature has power to pass a law which applies to and operates uniformly on all members of a class without violating the mandate of the constitution the classification so created must be natural and genuine and based upon distinctions which have a reasonable and substantial relation to the subject matter involved in order for such law to be upheld as general

in nature. On the other hand, if the classification attempted by its provisions is arbitrary, illusory, capricious or fictitious, the entire enactment is stricken down as being within the inhibition of the constitutional provision." (p. 706.)

and

"We fail to find anything in the facts disclosed by the record or presented in the argument of defendants which presents a sound or substantial reason for restricting the application of the ·law here involved to one particular county of the state. And this is true even though due consideration has been given to the purposes sought to·be accomplished by its provisions. In our opinion the classification attempted cannot be justified on the theory it is germane to the subject matter or based upon a real and substantial distinction." (p. 707.)

It would certainly be hard to draw any distinction between a statute dealing with the construction and location of bridges and one dealing with the paving of streets, and appellant suggests none.

A short time prior to the decision in the Wyandotte County Comm'rs case, *supra*, a similar conclusion was reached in the case of *State, ex rel., v. Schoeppel*, 160 Kan. 396, 162 P. 2d 80. In that case the court had under consideration chapter 175, Laws of 1945, which created the office of commissioner of elections and which by its terms was made applicable only to counties having a population of more than 100,000 and an assessed valuation of less than $150,000,000. The act was held to be in contravention of section 17, article 2, and in the opinion it was said:

"We can see no ·relationship between the assessed valuation in a county and the control of rural voting. Neither do we see any relationship between the difference in population of 80,000 and 100,000 and a control of rural voting. We are forced to the conclusion that the classification in this case which makes the statute apply to Wyandotte, and Wyandotte county only, is an arbitrary one and that it cannot be sustained under the provisions of article 2, section 17 of the constitution of the state." (p. 399.)

Similar statements might be quoted from other cases cited in the Wyandotte County Comm'rs case. It is unnecessary to extend this ·opinion by doing so.

The subject of street paving by cities is one to which a general law may be made applicable. Various general statutes of that nature are in effect. In enacting such a general law, the legislature has power to make the statute applicable only to cities of a certain class provided the classification created is not an arbitrary one and rests upon a natural and substantial basis or distinction. We find

no such basis in the statute here considered. It follows that sections 13-1078a and 13-1079, G. S. 1945 Supp., contravene the provisions of section 17, article 2 of the state constitution and are therefore invalid.

It seems well in conclusion to note the facts with reference to the enactment of these two sections. Section 13-1078a as it now appears in the 1945 Supplement to the General Statutes was enacted as a part of chapter 122 of the Laws of 1941. That act, which was one "relating to cities of the first class," contained fourteen sections and amended numerous statutes dealing with a variety of subjects, some of which are unrelated to the subject here considered. Section 2 of said chapter 122, Laws of 1941, provided: "Section 13-1078a of the General Statutes of 1935 is hereby amended to read as follows:" etc. The prior section 13-1078a was then reënacted with the added proviso limiting the section to cities located within a county having an assessed tangible valuation not in excess of $150,000,000. Section 13 of chapter 122 repealed the twelve prior statutes which had been amended in chapter 122 including section 13-1078a.

Section 13-1079, G. S. 1945 Supp., came into existence as a separate enactment, being chapter 100 of the Laws of 1943. Section 1 of that act amended the prior section 13-1079 by reënacting it with the same property valuation proviso that had been added to section 13-1078a. Section 2 of the act (Laws of 1943, ch. 100) repealed the prior section 13-1079.

It will thus be noted that in both of the acts further limiting the applicability of sections 13-1078a and 13-1079 by adding the proviso with reference to property valuation, the two sections as they had theretofore existed were repealed. The question of what effect, if any, the invalidation of the new sections 13-1078a and 13-1079 has upon the provisions for repeal, or in other words upon those sections as they existed prior thereto, was not presented by this appeal, was not argued or briefed, and is not here determined.

The judgment is affirmed.