No. 40,091

STEVENS ENTERPRISES, INC. (formerly U-Select-It Candy Service, Inc.), *Appellant*, v. THE STATE COMMISSION OF REVENUE AND TAXATION OF THE STATE OF KANSAS, et al., *Appellees.*

(298 P. 2d 326)

Opinion filed June 9, 1956.

*Payne H. Ratner,* of Wichita, argued the cause, and *Louise Mattox, Payne H. Ratner, Jr., Russell Cranmer, Dale B. Stinson, Jr., Cliff W. Ratner, William L. Fry, A. Wayne Murphy, Ray A. Overpeck, Bernard V. Borst, H. K. Greenleaf, Jr.,* and *D. Clifford Allison,* all of Wichita, were with him on the briefs for the appellant.

*Ralph M. Hope,* of Wichita, argued the cause, and *Paul Hurd,* and *Paul H. Edgar,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Stevens Enterprises, Inc., formerly U-Select-It Candy Service, Inc., hereafter referred to as the company or appellant, appeals from the judgment of the district court of Sedgwick county affirming an assessment of retailers' sales tax upon the company

made by the state commission of revenue and taxation, hereafter referred to as the commission, growing out of the ownership and operation of coin-operated merchandise vending machines.

In August, 1953, the director of revenue made an assessment of tax against the company based on its ownership and operation of coin-operated merchandise vending machines for a stated period of time. The company appealed to the commission which, after a hearing, fixed an assessment and in due time the company perfected its appeal to the district court as provided by G. S. 1949, 74-2426.

At the commencement of the hearing in the district court on January 6, 1955, the parties stipulated facts which we summarize. The company was engaged in the business of selling merchandise at retail through coin-operated vending machines owned by it and located at various places in Kansas. Each sale was a separate transaction and was for either five or ten cents, and during the period between April 7, 1951, and May 31, 1953, the company's gross receipts from such sales were $553,029.09; the director of revenue of the commission made an assessment plus penalties and interest; the company appealed to the commission which by order made March 31, 1954, allowed certain deductions and credits and made an assessment of $8,393.78 and ordered payment within thirty days. It was further stipulated that pursuant to statute the director of revenue had promulgated rules and regulations for the administration, enforcement and interpretation of the retailers' sales tax act (G. S. 1949, 79-3618); that he had filed the same with the revisor of statutes in accordance with G. S. 1949, Ch. 77, Art. 4, and they were in full force at all times involved.

As a result of the hearing the trial court on June 15, 1955, found that the assessment made by the commission was valid and the amount last stated was due and owing by the company; that G. S. 1953 Supp., 79-3603 (f) was valid and did not violate the constitution of this state or the constitution of the United States and that the assessment made by the commission should be approved, sustained and affirmed, and it entered judgment accordingly. In due time the company perfected its appeal to this court where it assigns as error that the trial court erred in sustaining the assessment and in holding the last mentioned statute valid.

The parts of the statute primarily involved, which first appeared as G. S. 1951 Supp., 79-3603, for our purposes read:

"From and after June 1, 1937, for the privilege of engaging in the business of selling tangible personal property at retail in this state or rendering or fur-

nishing any of the things or services taxable under this act, there is hereby levied and there shall be collected and paid a tax as follows: . . . (f) a tax at the rate of two percent upon the gross receipts from the operation of any coin-operated device, whether automatic or manually operated; for example, but not by way of limitation: Pinball machines, mechanical music machines, mechanical games, and/or any merchandise vending machines."

So far as pertinent it is noted that the "Kansas retailers' sales tax act" was enacted by the legislature as Laws of 1937, Ch. 374, and appeared in G. S. 1937 Supp. as Ch. 79, Art. 36. Under 79-3619, provision was made for the issuance of metal tokens or script to enable purchasers to pay and retailers to collect the tax when a fractional part of a cent was involved. Under the above statute it was possible for a purchaser at retail to pay substantially the exact amount of tax due. Actually the tokens issued permitted exact payment of the tax on purchases of five cents or any multiple thereof. The section was amended by the legislature by the enactment of Laws of 1939, Ch. 332. That chapter, which need not be fully reviewed, repealed the provision for tokens or script and provided for agreements between competing retailers to provide uniform methods for adding and collecting the full amount of tax or an amount equal as nearly as possible or practicable to the average equivalent thereof, and authorized the director of revenue to adopt and formulate rules and regulations for adding and collecting such tax, or an amount equal as nearly as possible or practicable to the average equivalent thereof by providing different methods applying uniformly to retailers within the same general classification for the purpose of enabling such retailers to add and collect, as far as practicable, the amount of such tax. This section as amended appeared as G. S. 1939 Supp., 79-3619, and in subsequent supplements and statutes, and is frequently referred to as providing for the bracket system of determining the amount of tax to be collected on purchases of fixed amounts. Conforming to the amended statute the director of revenue did have hearings with various retailers and promulgated an order effective July 6, 1939, adopting a bracket system providing that sales from 1 to 14 cents bore no tax; that sales of from 15 to 65 cents bore one cent tax, and other progressive steps up to $9.99, when the tax was fixed at 20 cents. Under the bracket system a purchaser whose purchase was exactly fifty cents or some exact multiple thereof, paid the exact amount of tax due from him under the other provisions of the statute but otherwise he did not do so. And it may here be observed that the amended statute under

consideration did not specifically authorize any exemption from tax due from a purchaser and collectible by a retailer. The rate of tax for the privilege of engaging in the business of selling tangible property at retail in this state was fixed at two per cent of gross receipts by G. S. 1937 Supp., 79-3603, and insofar as the rate of tax is concerned has never been changed. As applied here, we note that the legislature, by the enactment of Laws of 1947, Ch. 463, amended the section to add thereto, and subject to tax, receipts from the operation of "any coin operated *amusement device,* whether automatic or manually operated; for example, but not by way of limitation: Pinball machines, mechanical music machines and mechanical games." (Emphasis supplied.) See G. S. 1947 Supp., 79-3603 (*f*). This was the statute in force when the situation arose considered in *Rooney v. Horn,* 174 Kan. 11, 254 P. 2d 322. The director of revenue attempted to assess tax against Rooney's operation of candy vending machines. Rooney appealed to this court from a judgment holding him taxable, contending that at the times of operation by him the statute did not include "merchandise vending machines." This court agreed and reversed. Reference is made to that opinion for the review of the statute. Before the Rooney case was decided, the legislature by Laws of 1951, Ch. 497, amended G. S. 1949, 79-3603, to include a tax at the rate of two per cent upon the gross receipts from the operation of a coin-operated merchandise vending machine. See G. S. 1951 Supp., 79-3603, as quoted above.

Pursuant to the section of the statute now appearing as G. S. 1949, 79-3618, the director of revenue, with the approval of the commission, promulgated rules and regulations for the administration of the retailers' sales tax act, which as amended and in effect at times involved included the following:

"94-6-3.—Retailer Liable for Tax. The retailer of tangible personal property, or the person selling or furnishing any of the other things or services taxable under the provisions of the act is liable and responsible to the state for the entire amount of the two percent (2%) tax payable on his taxable gross receipts.

"*Tax to be passed on.* The retailer is required to pass on to the consumer or user the full amount of the tax imposed by this act, or an amunt equal as nearly as possible or practicable to the average equivalent thereof."

94-6-4 pertains to the bracket system heretofore summarized.

"94-6-5.—Monthly Return: Payment of Tax. Every person engaged in a business taxable under this act is required to make monthly returns on forms provided by the director of revenue and to pay the proper tax due."

"94-6-7.—GROSS RECEIPTS. The measure of the tax is gross receipts from sales of tangible personal property or taxable service to those who purchase for use or consumption.

" 'Gross receipts' means the total selling price or the amount received in money, credits, property or other consideration valued in money from sales at retail within this state."

"94-6-13.—TAXABLE TRANSACTIONS: GROSS RECEIPTS FROM COIN OPERATED DEVICES. Gross receipts from the operation of any coin operated device are taxable. Included are such devices as pinball machines, mechanical music machines, mechanical games, merchandise vending machines, radios, and any other coin operated device. The owner or operator of such equipment is held to be operating a taxable business at each place in which any piece of equipment is located, and must register for each location and report his gross receipts separately for each location."

It may be observed that rule 94-6-3 finds support in and is in accordance with G. S. 1949, 79-3602 (*h*), since amended, and 79-3604; that rule 94-6-5 finds support in and is in accordance with G. S. 1949, 79-3607; that rule 94-6-7 finds support in and is in accordance with G. S. 1949, 79-3602 (*h*), since amended; and that rule 94-6-13 finds support in and is in accordance with G. S. 1949, 79-3602 (*h*), since amended, and G. S. 1951 Supp., 79-3603.

### I.

Appellant's first contention, as stated by it in question form, is whether, under our retailers' sales tax act and the rules and regulations promulgated under the act, is appellant required to pay a tax on its gross receipts from sales of five and ten cent items sold through vending machines when, under the statute, the tax is to be borne by the purchaser, cannot possibly be collected by appellant from the purchaser and which the statute actually prohibits appellant from collecting. The gist of its argument is that the state may not enforce payment from the appellant; that as originally enacted the statute provided for the issuance of tokens to enable purchasers to pay and retailers to collect the tax when it amounted to a fraction of a cent (G. S. 1937 Supp., 79-3619); that the section was amended in 1939 (now G. S. 1949, 79-3619) to provide the director of revenue was authorized to promulgate rules for adding and collecting the tax to enable retailers to add and collect, and that the basic principle is that the ultimate consumer pay the tax, citing *Southwestern Bell Tel. Co. v. State Commission of Revenue and Taxation*, 168 Kan. 227, 212 P. 2d 363; that under the statute the retailer is not the one liable to the tax, but merely the medium provided for collection from the consumer and for remittance to

the state and our attention is directed to rule 94-6-3 which does provide, in part, that the retailer is required to pass on to the consumer the full amount of the tax, and to a sentence in *Rooney v. Horn,* supra, that:

"There are no tokens now so he cannot collect less than one cent and should he set up his machine to collect a one-cent tax on each sale he would be confronted by the provision that on sales from one cent to fourteen cents there shall be no tax."

Appellant further argues that under G. S. 1949, 79-3604 and 3605, the tax is to be paid by the consumer to the retailer and that it is the duty of the retailer to collect from the consumer, and that it is unlawful for any retailer to advertise or hold or to state to the public or any consumer that the tax will be assumed or absorbed by the retailer; that G. S. 1949, 79-3615 (4) makes it an offense to violate any section of the act; that under rule 94-6-4 it is impossible for a retailer to collect a tax on a sale of less than fifteen cents, and that under the law appellant cannot collect the tax, or if it does, it violates the provisions of the provision for a bracket system and rule 94-6-4 promulgated thereunder.

As has been mentioned heretofore, under the original retailers' sales tax act provision was made for tokens which permitted payments of tax where a fraction of a cent was involved and permitted exact payment on sales of five cents or any multiple thereof. But under that act the stated purpose was to enable purchasers to pay and retailers to collect a fractional part of a cent "insofar as the same can be done" (G. S. 1937 Supp., 79-3619). Under G. S. 1937 Supp., 79-3602 (*j*) "taxpayer" was defined to mean "any person obligated to account to the commission for taxes collected under the terms of this act." While the section has been amended in parts, the above definition has never been changed and now appears as G. S. 1955 Supp., 79-3602 (*i*). Under G. S. 1937 Supp., 79-3607, and that section has never been changed, the retailer did not report to the commission the amount of tax he had collected from the purchaser but on the contrary he reported under subdivision (*b*) the total amount of gross sales of all tangible personal property and taxable services rendered by him. The next to the last sentence of the section requires "The person making the return herein required, shall, at the time of making such return, pay to the commission the amount of tax herein imposed." Under G. S. 1937 Supp., 79-3603, the rate imposed was two per cent upon gross receipts. Although at the time no provision was made for vending machines

of any sort, it is quite clear that as to types of sales or of services covered, the amount due the state and payable by the retailer was based on gross receipts and not on amounts of taxes collected. Even under the token system it is apparent the retailer, unless all articles or services sold by him were for five cents or multiples thereof, collected some amount greater than he was required to pay the state.

Nor do we attribute to the so-called bracket system and the rules promulgated for its administration the force appellant does. When the bracket system was authorized by what is now G. S. 1949, 79-3619, it did not pretend to change the retailer's liability to pay to the state two per cent of his gross receipts. It did recognize that exact payment of sales tax without the use of tokens would produce a lack of uniformity as to the amount collected by the retailer from the purchaser, not what amount the retailer should pay the state on his gross receipts, and provided a means of procuring uniformity. The concluding sentence of the section reads:

"The director of revenue shall have the power to adopt and promulgate rules and regulations for adding and collecting such tax, *or an amount equal as nearly as possible or practicable to the average* equivalent thereof, by providing different methods applying uniformly to retailers within the same general classification for the purpose of enabling such retailers *to add and collect, as far as practicable, the amount of such tax.*" (Emphasis supplied.)

Attention is directed to the emphasized parts. Rule 94-6-4 carried out the first provision, and rule 94-6-13, although not originally covering merchandise vending machines, classified gross receipts from coin-operated devices. After the legislature amended the statute to include merchandise vending machines the rule was amended to cover and now appears as quoted, in part, above.

We are not impressed by the argument that imposition of a tax liability on the retailer, under the circumstances obtaining, compels it to commit a crime. First, it is a matter of appellant's own choosing that its business consists of operating vending machines selling only five and ten cent items. The tax it is required to collect from the consumer is the full amount imposed by the act "or an amount equal as nearly as possible or practicable to the average equivalent thereof" and that amount is a debt from the consumer to it as a retailer (G. S. 1949, 79-3604). Simply because of the amount of its single sales, appellant has no effective means of collection does not render it guilty of a crime, and does not alter its obligation to pay the state two per cent of its gross receipts.

Second, we are not presently concerned with appellant's possible holding out that it will assume, absorb, or pay the tax denounced by G. S. 1949, 79-3605, as being a compelled violation of the statute. There presently is no contention it has done so. If appellant is ever prosecuted, the question can be determined whether a retailer, situated as it is, violates the statute.

In view of what has been said heretofore we find it unnecessary to discuss appellant's contention that a tax on gross receipts from operation of a merchandise vending machine under the circumstances obtaining is an income tax, or that imposition of the sales tax has the effect of imposing a double income tax on appellant. Neither need we discuss appellant's argument it is not claiming an exemption.

In our opinion, appellant's contention under this heading cannot be sustained. We hold, as did the trial court, that appellant as operator of merchandise vending machines, whose sales are either for five or ten cents per item, is required to pay a sales tax on its gross receipts.

## II.

Appellant's contention that collection of the tax from it, when it is unable to collect from the consumer and such collection, even if possible, would be a criminal act, violates the fourteenth amendment to the constitution of the United States and Art. 2, Sec. 17, of the constitution of this state, is divided into two parts.

With respect to the fourteenth amendment, appellant argues that the enforcement of G. S. 1951 Supp., 79-3603 (f) imposing a tax of two percent on the gross receipts of a merchandise vending machine, under the facts obtaining, deprives it of equal protection of the law. We do not agree with appellant's assumption that prior to 1951 operators of vending machines were not required to pay sales tax. They were not prior to 1947, but in that year the statute was amended to cover coin-operated *amusement* devices, and that was the statutory provision when *Rooney v. Horn*, supra, was decided. For aught this record discloses the state has collected two percent of the gross receipts from such amusement devices regardless of whether the coin necessary to be used was a five cent piece, a dime or some larger coin, or whether or not the person operating the machine for his amusement paid a sales tax. We agree with appellant that it is engaged in a legitimate business but we think that to exempt it from tax because its sales

were less than fifteen cents each, and at the same time compel one whose sales were both above and below that figure to pay the tax, would create a situation where there was a lack of uniformity. It is not true that under the retailers' sales tax act as a whole or under G. S. 1951 Supp., 79-3603 (*f*) in particular that appellant is denied due process of law, nor that it is denied equal protection of the law, under the fourteenth amendment. The effect of the last mentioned section of the statute was not an attempt to create an arbitrary classification. Appellant asserts, and we agree, that the tax in question is an excise tax as distinguished from a property or ad valorem tax. In such case the legislature may make a classification if it be natural and not arbitrary or capricious and treats all persons in the same class in the same way. See, *State ex rel., v. Wyandotte County Comm'rs,* infra. Under G. S. 1937 Supp., 79-3603, and as subsequently amended, it is provided that for the privilege of engaging in the business of selling tangible personal property at retail in this state, certain taxes are to be assessed upon gross receipts in what are now six classifications. The argument is not that these six classifications offend, nor that classification of gross receipts from coin-operated devices is not proper, but only that because appellant's individual sales are each for less than fifteen cents, the result as to it is unconstitutional under the fourteenth amendment. As determined under the preceding heading, the fact the sales were of stated amounts and collection of sales tax from the purchaser was not possible or practicable, did not have the effect of relieving appellant from paying a two percent tax on his gross receipts. So considered, appellant was not without due process of law nor was it denied equal protection of the law. Conversely, it may be said that if the contention be upheld that by reason of the amount of its individual sales appellant was excused from tax, it would be granted a preference to the detriment of other retail sales taxpayers and to the owners of coin-operated devices which required deposit of fifteen cents or more for their operation. We cannot discern where appellant's rights have been violated under the fourteenth amendment to the constitution of the United States.

With respect to our state constitution, appellant contends that the retailers' sales tax act, as involved here, does not have uniform operation throughout the state and constitutes special legislation, and our attention is directed to Art. 2, Sec. 17, of our state constitu-

tion providing that all laws of a general nature shall have a uniform operation throughout the state and in all cases where a general law can be made applicable no special law shall be enacted.

The argument of appellant is predicated on propositions previously discussed under the first heading that the retailer must collect the tax from the purchaser; that in five and ten cent sales there is no legal tender so small that the purchaser can pay the tax; that G. S. 1951 Supp., 79-3603 (*f*) singles out appellant from other retail vendors who can and are required to collect the tax, and it is said it naturally follows that the last statute, attempting to assess sales where the amount is less than fifteen cents, constitutes special legislation, and our attention is directed to the rule stated in *State, ex rel., v. Wyandotte County Comm'rs,* 161 Kan. 700, 706, 171 P. 2d 777, quoted approvingly in *Carson v. Kansas City,* 162 Kan. 455, 458, 177 P. 2d 212, that:

"While the legislature has power to pass a law which applies to and operates uniformly on all members of a class without violating the mandate of the constitution the classification so created must be natural and genuine and based upon distinctions which have a reasonable and substantial relation to the subject matter involved in order for such law to be upheld as general in nature. On the other hand, if the classification attempted by its provisions is arbitrary, illusory, capricious or fictitious, the entire enactment is stricken down as being within the inhibition of the constitutional provision." (Citing many decisions.)

Upon the premise laid, appellant argues that putting merchandise vending machine operators in a class apart from other vendors of merchandise creates an arbitrary classification bearing no honest relation to the subject of the tax, and that the classification is illusory because the tax is to be paid by the purchaser, not the retailer, and that there is no real distinction between the two classes of sales, except that by law the merchandise vending machine operator is forbidden to collect the tax. We do not agree either with the premise laid, or with the statement that by law the vending machine operator is forbidden to collect the tax. What has been said on that subject must suffice. And the fact the appellant chooses to use vending machines making sales so small that it is not possible or practicable for it to collect tax from its purchaser does not render such classification as is made in the retailers' sales tax act arbitrary, illusory, capricious or fictitious. The fact is rather to the contrary. The statute provides that for the purpose of engaging in the business of selling tangible property at retail or in furnishing specified

services, tax is levied, all at the same rate and without discrimination, upon the "gross receipts" in six specified particulars, one of which includes appellant. The statute contains no exception on account of the amount of any sale. No argument is advanced that the statute does not have uniform operation throughout the state, and we shall not discuss that phase further than to observe we know of no reason why any person coming within its terms is not bound. We hold that the statute is a general law and not a special law, and that the classification made in the statute does not offend the rule above stated or the constitutional provision. The appellant's contention that the retailers' sales tax act does not have uniform operation throughout the state and constitutes special legislation *is not sustained.*

In its brief the commission directs our attention to decisions from other jurisdictions involving sales tax acts, their application to vending machine sales, and other pertinent matters and generally upholding validity of its order, and in a reply brief appellant calls attention to distinguishing features from the case at bar. We find it unnecessary to take up these decisions and to comment thereon.

The judgment of the trial court is affirmed.

ROBB, J., not participating.