404 P.2d 662

**ROBERT H. HINCKLEY, INC.,**
a corporation, Plaintiff,

v.

**STATE TAX COMMISSION of Utah,**
Defendant,

**Knico, Inc., et al., Amici Curiae.**

No. 10260.

Supreme Court of Utah.

Aug. 4, 1965.

Young, Thatcher & Glasmann, Paul Thatcher, Ogden, for plaintiff.

Phil L. Hansen, Atty. Gen. of Utah, Joseph B. Romney, Asst. Atty. Gen. of Utah, for defendant.

Jack A. Richards, and Daniel A. Alsup, Ogden, amici curiæ.

WADE, Justice.

Robert H. Hinckley, Inc., the plaintiff herein seeks review of a decision of the State Tax Commission sustaining assessments of sales and use tax deficiencies with penalties and interest thereon. We shall hereinafter refer to plaintiff as Hinckley.

Hinckley is a dealer in motor vehicles but for a number of years has also op-

erated a business under the name of "Kwik Kafe," retailing hot and cold drinks, candy and other foods through coin operated vending machines. These machines operate upon fixed multiples of five cents and do not make change. Only one item can be vended at one time and combined or multiple sales of two or more units are not possible. The sales involved herein were sold at a price of either five or ten cents. During the period involved herein the Tax Commission has not authorized or made available tax tokens or other means to collect a correct sales tax on sales of five or ten cents. Under such circumstances the least the vendor could collect on a five or ten cent sale, if he were to collect at all from the vendee in coin of the realm, would be one cent. Hinckley did not collect, report or remit any tax on any of its vending machine sales of five or ten cents. Hinckley also, through inadvertence, failed to collect and pay sales taxes on certain sales of over 14 cents and failed to report and pay use taxes of property bought and used in the course of its business. Hinckley admitted liability for the use taxes and the sales taxes on sales over 14 cents and paid them plus six per cent interest, but not the penalty and additional six per cent interest assessed by the Commission.

Hinckley had failed to collect and report its five cent and ten cent vending machine sales because the Utah State Tax Commission, in order to facilitate the collection, accounting and payment by the vendor of correct sales and use taxes without the use of stamps or tokens, had adopted a bracket system whereby the vendor is required to collect certain amounts depending upon the purchase price. The bracket system is so devised that sales in the lower portion of a given bracket are slightly overtaxed while those in the upper portion of that bracket are slightly undertaxed, so that a vendor in averaging total sales will have collected approximately the correct amount of tax required to be remitted. For example where the sales or use tax is three per cent the following schedule in the bracket system is to be used by the vendor in determining the amount of tax to be collected:

| Amount of Sale | Tax |
|---|---|
| $0.01 to $0.14 | None |
| .15 to .42 | $0.01 |

It is to be noted that the schedule fails to require the collection of any amount on sales of less than 15 cents. Under such a system of collection, Hinckley sought legal advice and was told no tax need be paid on sales of less than 15 cents.

Sec. 59–15–4, U.C.A.1953, of the Sales Tax Act provides that there be levied, collected and paid a tax upon the purchase price or consideration of every retail sale of personal property not specifically exempted from such tax. Sec. 59–15–5, U.C.A.1953, makes the vendor responsible for the collection and remittance of the amount

of the tax imposed on the sale. It also provides that "[T]he vendor shall collect the tax from the vendee, but in no case shall he collect as tax an amount (without regard to fractional parts of one cent) in excess of the tax computed at the rates prescribed * * *." It further provides for the filing of a quarterly return by the vendor and a remittance of the amount of the tax required to be collected based on total sales made during the reported period.

During the periods involved herein, the Tax Commission's Sales Tax Regulation No. 5 declared it "unlawful for the vendor to absorb or in any way waive the collection or imposition of the tax or to consider that the tax is included and collected as part of the sales price." The Tax Commission also had a Sales Tax Regulation in effect which provided that the total receipts from vending machines would be considered as the total selling price of the personal property distributed through these machines and must be reported as the amount of sales subject to tax.

Hinckley contends that the employment by the Tax Commission of the "bracket system" and its failure to provide any other means for the correct collection of the sales tax under the provision of Sec. 59–15–5, U.C.A.1953, which requires that the vendor collect from the vendee but that "in no case shall he collect as tax an amount (without regard to fractional parts of one cent) in excess of the tax computed at the rates prescribed," makes it impossible under the Tax Regulations implementing these provisions to collect on its five cent and ten cent transactions made through its vending machines.

Hinckley argues that the Tax Commission's regulation requiring it to report and pay the tax on its total receipts from the vending machines is in effect an imposition of the tax on the vendor rather than on the vendee on whom the legislature has placed the tax. Hinckley contends that such regulation discriminates against vending machine transactions in which items are sold under 15 cents as opposed to businesses where the "bracket system" of collecting can be practically applied, so that the vendor in personal sales, averaging total sales will be able to collect approximately the correct amount required to be paid, whereas it is impossible to do so in vending machine operations. Hinckley further contends that such regulation denies vending machine operators selling items under 15 cents the equal protection of the laws in violation of Utah Constitution, Art. I, Sec. 2, and United States Constitution, Amendment XIV, Sec. 1.

In W. F. Jensen Candy Co. v. State Tax Commission,[1] in answering a contention that the statutory requirement

1. W. F. Jensen Candy Co. v. State Tax Commission, 90 Utah 359, 61 P.2d 629, 107 A.L.R. 261.

that in no case shall a vendor collect an amount (without regard to fractional parts of one cent) in excess of the prescribed rate made it impossible to collect the tax on sales of less than 50 cents, and therefore the tax is eliminated on sales involving fractional parts of 50 cents; this court pointed out that the tax imposed is a tax on a transaction, and unless there is an exemption there is still due the State the rate imposed on such transaction whether it be a cent or one-fifth of a cent. The fact that in sales of less than 50 cents the collection of the tax may be difficult does not change the responsibility of the vendor for the collection and accounting to the State for the tax imposed. The elimination by the 1937 legislature[2] of the provision that the vendor could, if he saw fit, collect the tax from the vendee, which provision was in the Act at the time the Jensen Candy case was decided, did not change the nature of the tax nor the responsibility of the vendor for its collection and accounting to the State. Sec. 59–15–5, U.C.A.1953, provides now, as it always has from the very inception of the Sales Tax Act that the vendor "shall be responsible for the collection of the amount of the tax imposed" on sales of tangible personal property. The legislature by eliminating the provision that the vendor had the option of collecting from the vendee or absorbing the tax himself, if he saw fit, did not change the nature of the tax, which is still one imposed on the transaction. It is still mandatory for the vendor to assume the responsibility for the collection, accounting and remitting of the amounts due the State on the transactions.[3] The tax is owed by the consumer to the vendor who is responsible for its collection.

That Hinckley has chosen a method of doing business through vending machines which makes it impossible for it to collect the tax under the "bracket system" does not deprive it of equal protection of the laws nor is it deprived of its property without due process. The tax imposed is upon the transaction, and its payment to the State is not dependent upon whether it is collected or whether the consumer pays it. The rate remains constant and applies alike to every vendor. Because a vendor chooses to sell only articles at a price on which no tax can be collected under the "bracket system" does not make the system discriminatory nor arbitrary. It may be that the "bracket system" should not apply to such a vendor if he can devise a means of collecting the correct amount of the tax, but that does not mean that if he cannot devise such a means that as to him the tax is unlawful. In White v.

2. Chapters 111, 112, Session Laws of Utah 1937.

3. Ralph Child Construction Co. v. State Tax Commission, 12 Utah 2d 53, 362 P. 2d 422.

State [4] the same arguments presented by Hinckley herein were presented to the Supreme Court of the State of Washington by operators of vending machines selling items for a consideration less than those at which the tax collection commenced under the "bracket system." The State of Washington, like Utah, had tried and abandoned the token method of collecting on sales for which the fractional part of a cent would be due and had adopted in its place a "bracket system" similar to ours. In answering the contention of the vending machine operator that the "bracket system" is inequitable as to it because the Washington Sales Tax Act required that he who failed to collect the tax shall pay it himself regardless of fault and therefore he was deprived of the equal protection of the law and was deprived of his property without due process of law, that court said:

> " * * * But the law makes no attempt to discriminate among sellers, nor does it classify them. It is true that it classifies sales for the purpose of applying the rate, but the rate remains constant throughout the schedule, and the schedule applies alike to

every seller. In its general application, it imposes no hardship. It is only when a seller chooses to sell only items which are priced at a point on the schedule where less than the full tax is to be collected that he is forced to absorb part or all of the tax, and this is the exception rather than the rule."

The fact that Hinckley has chosen to sell items costing less than 15 cents through its vending machines thus making it impossible to use the "bracket system" designed to enable sellers to collect sufficient coins of the realm so that the amounts they collect in averaging total sales will be approximately the correct amount required to be remitted does not deprive it of equal protection of the laws nor of its property without due process. The tax imposed is upon the transaction, and its payment to the State is not dependent upon how it is collected. The rate is constant and applies alike to every seller. The seller is required to remit the amount due on total sales. If he chooses to sell items which are priced at a point on the schedule where less than the full tax can be collected, he cannot complain that the

4. White v. State, 49 Wash.2d 716, 306 P. 2d 230 on p. 236. See also Piedmont Canteen Service, Inc. v. Johnson, 256 N. C. 155, 123 S.E.2d 582, 91 A.L.R.2d 1127 and notes 1138; Calvert v. Canteen Co. (Tex.) 371 S.W.2d 556; Stevens Enterprises v. State Comm. of Rev. & Tax., 179 Kan. 696, 298 P.2d 326 where under statutes or regulations similar to ours the "bracket system" of collecting sales taxes has been adopted making it impossible for vending machine operators to collect for items selling for an amount less than that at which the bracket system provides for collection, the courts have held that the vending machines operators have not been deprived of the equal protection of the laws nor have they been deprived of their property without due process of law.

schedule is discriminatory as to him because no provision has been made by the Tax Commission whereby the correct amount due from the purchaser under his method of doing business can be collected. The schedule applies alike to every seller and aids those whose method of doing business makes its application practical by facilitating the collection of the correct amount required by the seller to be remitted to the State on its total sales.

 Sec. 59–15–20, U.C.A.1953, grants the Tax Commission the right in administering the Sales Tax Act to prescribe, in conformity with such Act, forms and rules and regulations for the ascertainment, assessment and collection of the taxes provided for therein. Insofar as the "bracket system" makes it possible for a vendor through a system of averaging to collect approximately the correct amount of tax due on his total sales, the "bracket system" devised by the Tax Commission is reasonable and conforms to the Act. However, that is not to say that the "bracket system" is or should be an exclusive method of determining the amount to be collected on each sale depending upon the purchase price and must be applied to all vendors regardless of whether their method of doing business makes it possible for them by use of the schedule to collect approximately the correct amount they are required to remit on their total sales. Our

attention has not been called to any provision in our Sales Tax Act which forbids the collection of the correct amount due from a purchaser regardless of the fact that the consideration is so small that there is no coin of the realm that can be used. Nor has our attention been called to any provision of our Sales Tax Act which makes it unlawful or prohibits a vendor from absorbing or paying the tax himself, if he so chooses. It does not necessarily follow from the fact that the 1937 amendment deleted the provision that the vendor had the option of collecting from the vendee or absorbing the tax himself that the legislature intended to prohibit or make it unlawful for a vendor to absorb or pay the tax himself. The Act still provides that the tax shall be collected and that the vendor is responsible for its collection and must remit the correct amount due from its total sales for the remitting period. We cannot ascribe to the legislature an intent to make it impossible for a vendor to conform with its requirements.

 In Utah Hotel Co. v. Industrial Commission [5] this court made it plain that an administrative agency's interpretation of the Act which it administers must be in conformance with the legal intent of the Act and any such interpretation which is out of harmony with and contrary to the express provisions of the Act are beyond the powers granted it. It follows from

5. Utah Hotel Co. v. Industrial Commission, et al., 107 Utah 24, 151 P.2d 467, 153 A.L.R. 1176.

what we have said that as to businesses where all sales are for less than the amount in which the "bracket system" provides for collection of the tax from the vendee, the "bracket system" provided by the Tax Commission does not conform to the Act which imposes the tax on the transaction and requires the vendor to collect the tax from the vendee. As to such businesses, the "bracket system," promulgated by the Tax Commission, of collecting the taxes by the vendor need not be the only device which can be used by a vendor. The Tax Commission's Sales Tax Regulation No. 5 which declares it unlawful for the vendor to absorb the tax or to collect it as part of the sales price is not supported by any provision in the Sales Tax Act which has been called to our attention. If this regulation were binding it would only make it impossible for operators of vending machines selling articles for less than 15 cents to devise a means to collect the tax in the absence of a device furnished for such purpose by the Tax Commission itself which could be applied to such operations. Such a regulation obviously is not in harmony with the Act which requires the collection of the tax, yet makes it impossible for a vendor to charge fractional parts of a cent for items sold; for instance, 9 and $7/10$ cents as consideration for the sale and $3/10$ cent for sales tax, thereby making it possible, if he desires to use that device,

to collect the tax from the vendee. After all, the "bracket system" is only a device which would make it possible for vendors to collect approximately the correct amount of the tax which they are required to remit on their transactions. Where the "bracket system" device is impractical because it cannot serve such a purpose, a vendor should not be precluded from using some other means, since the clear intent of the law is the collection of approximately the correct amount from vendees and the remittance by vendors of the tax due on total value of transactions.

As to the Tax Commission's Regulation No. 74, which provides that the "total receipts" of sales of items by vending machines "will be considered as the total selling price of the tangible personal property distributed in connection with their operations and must be reported as the amount of sales subject to tax," we are of the opinion that such regulation is beyond the statutory authority granted to the Tax Commission. The fact that Sec. 59–15–5, U.C.A.1953, provides that in the tax return required of the vendor with the remittance of the amount of tax required to be collected that the "tax as computed in the return shall in all cases be based upon the total sales" does not give the Commission the right to determine the selling price of the property sold. "Total receipts" are not synonymous with "total selling price." The

total amount collected on a sale could include the consideration for which the seller is willing to sell the item, plus an amount charged for postage or taxes. The postage or taxes are no part of the sales transaction, but they are part of the total receipts on such transaction. The only thing required of a vendor, in the Act, is that he remit the amount due on his total sales, not on his total receipts.

 Hinckley's contention that the assessment of a penalty and additional interest for its failure to report and remit sales taxes on its vending machine sales of items selling for less than 15 cents is not justified under the provisions of Sec. 59–15–8, which authorizes such penalties and additional interest for failure to pay the tax when due, if such failure is due to negligence or intentional disregard of authorized rules and regulations, is well taken. Under the Tax Commission's regulations which under its "bracket system" apparently required no collection of tax on items selling for less than 15 cents and its regulations prohibiting absorption of such taxes by the vendor, it cannot reasonably be found that Hinckley was negligent or intentionally disregarded authorized rules and regulations in the collection and remittance of the tax imposed by the Act. However,

the reason given for the failure to report and remit on sales of 15 cents and over and for use taxes, though perhaps the Commission could have found it to be inadvertent, does not require such a finding; nor does the evidence require a finding that Hinckley was not negligent or that it had not intentionally disregarded authorized rules and regulations in failing to collect and remit within the prescribed time period. Under such circumstances the imposition of the penalty is within the sound discretion of the Tax Commission.

The order of the Commission is affirmed except as to penalties and additional interest on sales of vending machine items, the consideration for which was less than 15 cents.

McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, Chief Justice (dissenting).

Respectfully I dissent. The statute is clear enough. It requires the vendor to collect a tax on "every retail sale." This is in the singular. It does not say on thousands of individual sales in the aggregate. Under the statute the merchant can't collect more than the going tax base.[1] Un-

---

1. Except where fractions are involved, which would require him to collect a penny on a penny piece of ball gum, and turn it over to the state, completely absurd.

**80**

der the Commission's regulation he can't absorb the tax himself. Under another regulation he *has* to absorb it by paying on aggregate sales. So he can't collect and can't pay but has to pay anyway. His payment on the aggregate sales is absorption, which ostensibly is illegal. The impossibility of collecting taxes on sales under 15 cents together with refusal to pay the tax himself, also is illegal. He is in a taxpayer cul de sac.

No kind of syllogistic reasoning can justify this carousel in logic, and the bracket system seems to be the difficulty. The bracket system is a regulation that flies in the teeth of the statute and subordinate to the latter, which is clear, that the merchant must collect a tax on "every retail sale,"—not on an aggregate of sales where the "5 and 10" man sells only items for which such charge is made. If the token system were in effect the tax could be collected. It was abolished. It is unrealistic to say that after its abolition, the merchant automatically must reduce the price of his article by including the tax in the former price.

CALLISTER, J., concurs in the views expressed in the dissenting opinion of HENRIOD, C. J.