365 P.2d 801

Jack DAYTON, d/b/a Arrow Sand and Gravel Company, Plaintiff and Appellant,

v.

GIBBONS & REED COMPANY, a Utah corporation, Defendant and Respondent.

No. 9459.

Supreme Court of Utah.

Nov. 2, 1961.

---

Rawlings & West, Salt Lake City, for appellant.

Fabian & Clendenin, Bryce E. Roe, Salt Lake City, for respondent.

WADE, Chief Justice.

Jack Dayton, doing business as the Arrow Sand and Gravel Company, appeals from a judgment of the district court dismissing his action against Gibbons & Reed Company, respondent herein.

The action was commenced by appellant to recover from respondent the amount the State Tax Commission has required appellant to pay for sales taxes due for sand and gravel concrete aggregate sold, supplied and delivered by appellant under a subcontract with respondent and used by respondent in fulfillment of a prime contract with the United States government for the construction of airstrip facilities. The subcontract contained the following provision:

"The subcontractor shall be responsible for all payments of *sales or use taxes* and taxes and/or contributions payable on his employees under the Federal Social Security Act and under State laws enacted in conformity therewith, including contributions payable by the employees, and shall save the Contractor harmless from all liability, loss and expense resulting from Subcontractor's failure to comply with any Federal or State rules and regulations at any time applicable to this provision." (Emphasis ours.)

Appellant in an affidavit filed in support of his action upon respondent's motion for dismissal averred that he thought this provision meant that he was to be responsible for taxes upon his purchases and not upon sales to respondent. He further averred that upon being advised by respondent after partial performance of the contract that it would not pay the sales taxes, he considered stopping performance, but, nevertheless, did complete performance of his agreement.

■ The court did not err in dismissing the action upon the pleadings and record. Appellant, by continuing in the performance of the subcontract after being advised that his original understanding of its terms was not correct, adopted the contract even if it could have been found, which we doubt, that no contract had been executed because of a lack of meeting of the minds between the contracting parties. In the absence of a statutory prohibition there appears no reason why a party who is sui juris cannot contract to pay obligations for which a statute makes the other liable. Even though under our sales and use tax statute, U.C.A.1953, 59–15–1 et seq., 59–16–1 et seq., respondent might be liable for the sales taxes if the State of Utah was the real party in interest, this does not prevent the parties themselves from contracting that as between themselves the seller of the materials will pay the taxes due. There being no statutory prohibition, appellant's argument that there is a regulation by the State Tax Commission prohibiting such action is untenable because such a regulation would not have the effect of nullifying the contract between the parties.

Affirmed. Costs to respondent.

HENRIOD, McDONOUGH, CALLISTER and CROCKETT, JJ., concur.