**RALPH CHILD CONSTRUCTION COMPANY, a corporation, and United States Fidelity and Guaranty Company, a corporation, Appellants,**

v.

**The UNITED STATES of America, to the Use and Benefit of WATERWORKS EQUIPMENT COMPANY, a corporation, Appellee.**

No. 8522.

United States Court of Appeals
Tenth Circuit.

Sept. 12, 1966.

Jackson B. Howard, Provo, Utah (Howard & Lewis, Provo, Utah, on the brief), for appellants.

Andrew R. Hurley, Salt Lake City, Utah (Brayton, Lowe & Hurley, Salt Lake City, Utah, on the brief), for appellee.

Before MURRAH, Chief Judge, and SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The appellee commenced this action to collect an account from the Ralph Child Construction Company, the appellant, which arose under an agreement whereby the appellee was to furnish certain items of material and equipment to the appellant in its performance of a contract with the Government. The only issue on this

appeal is whether the appellant was obligated to pay the Utah state sales tax on the equipment and material, or whether the sales tax was included in the total price quoted by the appellee for all the equipment and supplies to be furnished.

This is a proceeding pursuant to the Miller Act, 40 U.S.C.A. § 270a et seq., and in this opinion, Ralph Child Construction Company will be referred to as the appellant although the complaint also named the United States Fidelity and Guaranty Company as a defendant. Waterworks Equipment Company will be referred to as the appellee.

The trial court held that the sales tax was not included in the total price quoted by the appellee; and consequently, found that the appellant and not the appellee was obligated to pay the Utah sales tax. The appellant thereupon took this appeal.

The record shows that the appellee provided written quotations to various contractors who were planning to bid on several Government contracts being let for work at the Flaming Gorge Recreation Area in Utah. These quotations purported to be for all the supplies and machinery or equipment necessary for the water systems. These quotations were submitted to appellant, Ralph Child Construction Company, which ultimately was the low bidder on the two contracts here concerned. When it was learned that appellant was the low bidder, a representative of the appellee met with Mr. Child concerning the quotations previously made and they were agreed upon, and handwritten notations were made on the bottom of the written quotations. These notations were not the same upon each of the several copies, but in none of them was any reference made to sales tax. The matter of sales tax was not otherwise mentioned on the quotations nor during the course of these conversations. The appellant testified that he was interested in having a quotation on all materials and equipment necessary for the job because he was not particularly familiar with the technical requirements of the water systems. Thus it appears that the purpose for the handwritten notations was to insure that all the materials and machinery were to be furnished under the proposal, and thus it was to become a complete and lump sum contract.

The appellant commenced the work and the appellee furnished materials and equipment from time to time. As winter approached, the Government engineer in charge shut down the job, and at this time the contractor was entitled under his contract with the Government to receive partial payment for work done and materials on the site. The appellee thereupon billed the appellant for materials furnished to that point. This was done on November 15, 1962, and this billing was by two invoices upon which sales tax in the total amount of $2,761.26, identified as such, was included. Appellant at the time made no objection to the billing for the sales tax; however, about a month later upon presentation of its estimates to the Government engineer, there was deleted the sales tax item in computing the progress payment. Appellant's contract with the Government provided that state and other taxes be paid by the contractor. Thereafter a conference was had between the representatives of appellee and Mr. Child as to the sales tax issue. The testimony relating to this conversation is in conflict. Shortly thereafter on December 19, 1962, appellee sent a credit memorandum to the appellant crediting the account for $2,-761.26, the amount of the sales tax. This memorandum bore the notation that it was to adjust for sales tax charged in error on the two invoices referred to above. Thereafter from April 10, 1963, to June 21, 1964, additional equipment was shipped by appellee to the appellant and upon these invoices charges were made for the sales tax. The appellant took no action relative to the sales tax charges until August 1964 when a conference was had about the sales tax issue. The parties thereupon realized that there was a serious difference of opinion

about the sales tax and about other items relating to the contract. The appellee commenced this action to collect on its account against the appellant which thereupon filed a counterclaim. All matters except the issue of the sales tax were resolved to the apparent satisfaction of the parties during the course of the trial, and as indicated the only issue here remaining is that of the liability for the sales tax. The issues upon which the ultimate conclusion is based are for the most part factual.

The trial judge found that the appellee was a materialman in relation to appellant, the general contractor, and was not a subcontractor. It also found that appellant was billed initially for the sales tax, as mentioned above, and made no objection until about a month later when the Government disallowed the tax in figuring the progress payments. As to the credit memorandum from appellee reciting the error in billing the sales tax, the court found that this was consistent with an error in billing at that particular time, and that upon later re-billing no objection was made. The court found also that appellant knew that the consumer has the primary liability to pay the tax under Utah law since it had previously litigated the matter, and that there was no evidence of a special agreement to relieve it of this liability. The court concluded that the contract between the parties contemplated that the sales tax would be paid by the consumer, the appellant herein.

We have examined the record and it contains evidence which supports the findings of fact made by the trial court. The written quotations and notations thereon do not assist in resolving the issue. They do show that appellant wanted the quotation to include all items needed, and his testimony shows that he was insistent on this point; however, no mention was made of the sales tax. The fact a lump sum quotation may have been made for all equipment and supplies does not thereby answer the sales tax issue. The trial court rightfully placed reliance upon the acts of the parties; that is the billing for the tax and appellant's lack of objection. The credit memorandum did create some uncertainty, but again the trial court's finding that the "error" in billing was the time of billing it and not the fact it was billed. This was also borne out by the later actions of the parties.

The appellant also seeks to demonstrate that the trial court was in error in not giving due regard to a provision of the Utah statute relating to the force of custom and trade usage. 60–6–1, Utah Code Ann.1953. Appellant argues that the evidence shows the custom to be that on a quotation of a lump sum contract the sales tax is included in the total price; however, the record shows the parties were not in the same trade or business and that the custom varied. It is sufficient to say on this point that the conflict was resolved by the trial court, and in accordance with Rasmussen v. United States Steel Co., 1 Utah 2d 291, 265 P.2d 1002.

The same must be said about the course of dealing between the parties. This point was included in appellant's unsuccessful motion for new trial. There a prior transaction between the parties was examined which had been referred to during the trial. This evidence was not particularly conclusive, but the court's finding nevertheless is supported by the record.

The Utah statute on the burden of the sales tax, Title 59, Ch. 15, Utah Code Ann.1953, requires the person who receives the sales price in a transaction to be responsible for the collection of the tax imposed on the sale. Thus the appellee as vendor was liable under the statute to collect the tax on the sale. This was part of its cause of action here. The Utah courts have held however that the primary obligation to pay the tax is on the consumer. Ralph Child Construction Co. v. State Tax Comm'n, 12 Utah 2d 53, 362 P.2d 422. It has also been held that the tax may be shifted between vendor and vendee by contract. Dayton v. Gib-

bons & Reed Co., 12 Utah 2d 296, 365 P.2d 801. The trial court found there was no such agreement, thus the obligation remained on appellant.

The evidence supports the trial court's findings and there is no error.

Affirmed.